IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-1220-MSK-BNB

TRIAD BANK, a Missouri chartered bank,

        Plaintiff,

v.

COLORADO CAPITAL BANK, a Colorado chartered bank,

        Defendant.

**COLORADO CAPITAL BANK'S ANSWER TO COMPLAINT**

Defendant Colorado Capital Bank (hereinafter referred to as "CCB") by and through its undersigned counsel, hereby submits its Answer to Complaint and states as follows:

## NATURE OF THIS ACTION

1.    CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 1 of the Complaint speaks for itself and that any allegations contained in paragraph 1 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied.  CCB denies that Triad Bank (hereinafter referred to as "Triad") is entitled to the declaratory relief requested in paragraph 1 of the Complaint.

## PARTIES

2.    CCB is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Complaint.

3.    CCB admits the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent paragraph 4 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 5 of the Complaint speaks for itself and that any allegations contained in paragraph 5 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 5 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

## COUNT I

### (Maxwell Place Participation)

6. CCB hereby incorporates its responses, allegations and affirmative statements in all of the preceding paragraphs as if fully set forth herein.

7. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 7 of the Complaint speaks for itself and that any allegations contained in paragraph 7 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 7 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

8. CCB admits the allegations contained in paragraph 8 of the Complaint.

9. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 9 of the Complaint speaks for itself and that any allegations contained in paragraph 9 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied.  To the extent paragraph 9 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

10. CCB affirmatively alleges that the documentation of the loan transfer agreements referred to in the allegations contained in paragraph 10 of the Complaint speaks for itself and that any allegations contained in paragraph 10 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied.  To the extent paragraph 10 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

11. CCB affirmatively alleges that the documentation of the loan transfer agreements referred to in the allegations contained in paragraph 11 of the Complaint speaks for itself and that any allegations contained in paragraph 11 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied.  To the extent paragraph 11 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

12. CCB denies the allegations contained in paragraph 12 of the Complaint.

13. CCB denies the allegations contained in paragraph 13 of the Complaint.

14. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 14 of the Complaint speaks for itself and that any allegations contained in paragraph 14 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 14 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

15. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 15 of the Complaint speaks for itself and that any allegations contained in paragraph 15 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 15 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

16. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 16 of the Complaint speaks for itself and that any allegations contained in paragraph 16 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 16 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

17. CCB denies the allegations contained in paragraph 17 of the Complaint.

18. CCB denies the allegations contained in paragraph 18 of the Complaint.

19. CCB denies the allegations contained in paragraph 19 of the Complaint.

20. CCB denies the allegations contained in paragraph 20 of the Complaint.

21. CCB admits the allegations contained in paragraph 21 of the Complaint.

22. CCB admits the allegations contained in paragraph 22 of the Complaint.

WHEREFORE, Colorado Capital Bank respectfully demands judgment as follows:

That this Court enter judgment in Colorado Capital Bank's favor and against Triad Bank on all claims asserted in the Complaint and find that Colorado Capital Bank is entitled to such other and further of the following relief as this Court deems just and proper:

a. An order declaring that Triad Bank is entitled to repayment of its participation interest on a pro rata basis with Colorado Capital Bank;

b. Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;

c. Prejudgment and post judgment interest according to law; and

d. Plaintiff s' attorney's fees, costs and expenses of this lawsuit pursuant to C.R.S. §13-16-104, or otherwise.

## COUNT II

### (Right Sky Participation)

23. CCB hereby incorporates its responses, allegations and affirmative statements in all of the preceding paragraphs as if fully set forth herein.

24. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 24 of the Complaint speaks for itself and that any allegations contained in paragraph 24 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 24 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

5

25. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 25 of the Complaint speaks for itself and that any allegations contained in paragraph 25 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 25of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

26. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 26 of the Complaint speaks for itself and that any allegations contained in paragraph 26 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 26 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

27. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 27 of the Complaint speaks for itself and that any allegations contained in paragraph 27 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 27 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

28. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 28 of the Complaint speaks for itself and that any allegations contained in paragraph 28 of the Complaint characterizing

the terms of the agreement as expressed therein are expressly denied.  To the extent paragraph 28 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

29. CCB admits the allegations contained in paragraph 29 of the Complaint.

30. CCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 30 of the Complaint speaks for itself and that any allegations contained in paragraph 30 of the Complaint characterizing the terms of the agreement as expressed therein are expressly denied.  To the extent paragraph 30 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

31. CCB is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states a legal conclusion to which no response is required.  To the extent paragraph 32 of the Complaint is intended or construed to allege any actionable conduct or omission on the part of CCB it is hereby denied.

33. CCB denies the allegations contained in paragraph 33 of the Complaint.

34. CCB admits the allegations contained in paragraph 34 of the Complaint.

35. CCB denies the allegations contained in paragraph 35 of the Complaint.

36. CCB hereby denies any and all allegations contained in the Complaint that are not expressly admitted herein.

WHEREFORE, Colorado Capital Bank respectfully demands judgment as follows:

That this Court enter judgment in Colorado Capital Bank's favor and against Triad Bank on all claims asserted in the Complaint and find that Colorado Capital Bank is entitled to such other and further of the following relief as this Court deems just and proper:

- a. An order declaring that Triad Bank is entitled to repayment of its participation interest on a pro rata basis with Colorado Capital Bank;
- b. Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;
- c. Prejudgment and post judgment interest according to law; and
- d. Plaintiffs' attorney's fees, costs and expenses of this lawsuit pursuant to C.R.S. §13-16-104, or otherwise.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails, in whole or in part, to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to a failure of consideration.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of mistake or by the lack of a meeting of the minds.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unconscionability.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by Plaintiff's failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to act in good faith and fair dealing as to the subject matter of the business transaction between the parties.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

WHEREFORE, Colorado Capital Bank respectfully demands judgment as follows:

That this Court enter judgment in Colorado Capital Bank's favor and against Triad Bank on all claims asserted in the Complaint and find that Colorado Capital Bank is entitled to such other and further of the following relief as this Court deems just and proper:

a. An order declaring that Triad Bank is entitled to repayment of its participation interest on a pro rata basis with Colorado Capital Bank;

b. Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;

c. Prejudgment and post judgment interest according to law; and

d. Plaintiffs' attorney's fees, costs and expenses of this lawsuit pursuant to C.R.S. §13-16-104, or otherwise.

Respectfully submitted, Tuesday, June 14, 2011

s/ Perry L. Glantz
Perry L. Glantz, Esq.
JONES & KELLER, P.C.
**ATTORNEYS FOR COLORADO CAPITAL BANK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the Tuesday, June 14, 2011, a true and correct copy of the foregoing **COLORADO CAPITAL BANK'S ANSWER TO COMPLAINT** was filed electronically with the Clerk of the Court using the CM/ECF system at the following address:

Geraldine A. Brimmer
Holland & Hart, LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302

Joseph E. Martineau
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2600
St. Louis, Missouri 63101

              s/ Perry L. Glantz