.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil No. 11-cv-01220-MSK-BNB

TRIAD BANK,

           Plaintiff,

vs.

COLORADO CAPITAL BANK,

           Defendant.

## SCHEDULING ORDER

  **1.**  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

  The Scheduling/Planning Conference in this action was held on July 15, 2011 before the Honorable Boyd N. Boland, Magistrate Judge.

  Present for plaintiff in person was Geraldine A. Brimmer, Holland & Hart LLP, One Boulder Plaza, 1800 Broadway, Suite 300, Boulder, CO 80302, phone no. 303/473-2700, and participating by telephone was Joseph E. Martineau, Lewis, Rice & Fingersh, L.C., 600 Washington, Suite 2500, St. Louis, MO 63101, phone no. 314/444-7729.

  Present for defendant was Perry L. Glantz, Jones & Keller, P.C., 1999 Broadway, Suite 3150, Denver, CO 80202, phone no. 303/ 376-8410.

## 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked based on the parties' diversity of citizenship under 28 U.S.C. § 1332(a).  Defendant disputes that diversity jurisdiction is appropriate in this case in that the amount in controversy requirement is not met.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff</u>.  Plaintiff is a participant in two real estate loans to different borrowers.  Defendant is the lead or agent bank.  Plaintiff seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that it is entitled, whether by repayment or enforcement of the collateral, to be paid first for its purchase price and accrued interest, and not pro rata, under the terms of the applicable participation arrangements.

Count I pertains to the "Maxwell Place Participation."  The original participation agreement provided that plaintiff would be repaid the full amount it advanced, plus interest, before defendant would be repaid.  Plaintiff claims that a modified participation agreement under which repayment of the loan would be applied pro rata between plaintiff and defendant should be declared invalid because a condition and consideration for such modification was defendant's agreement to extend an additional loan to the borrower on a subordinated basis, which it never did.

Count II pertains to the "Right Sky Participation."  Plaintiff seeks a declaration that under the applicable agreements any repayment of the loan, whether by repayment or by enforcement of collateral, should be used to satisfy its participation in the loan before any payment to defendant.  Plaintiff claims that a conflicting provision in the applicable documents suggesting repayment on a pro rata basis when the underlying loan is in default should not control, in light of the intent of the parties and because the ambiguity is contained within a form

agreement prepared by defendant.

      b.    Defendant. Defendant disputes this Court's subject matter jurisdiction over this action. Specifically, Defendant disputes that the amount in controversy requirement is met.

Defendant disputes plaintiff's claims that it should be paid first and not pro rata.

**4.    UNDISPUTED FACTS**.

The following facts are undisputed:

1.    Plaintiff Triad Bank ("Triad") is a Missouri state chartered bank, in good standing, with its principal place of business located at 10375 Clayton Road, Frontenac, Missouri 63131. Triad is a citizen of the State of Missouri.

2.    Defendant Colorado Capital Bank ("CCB") is a Colorado state chartered bank with its principal place of business located at 7505 Village Square Drive, #101, Castle Rock, Colorado 80108, and having as its Registered Agent for Service of Process, Donna L. Vance, at the same address. CCB is a citizen of the State of Colorado.

3.    Venue is proper in this Court pursuant to a forum selection clause in the subject agreements and pursuant to 28 U.S.C. §§ 1391(a)(3) and 1391(c).

4.    On or about October 17, 2008, Triad and CCB entered into a Participation Agreement, a true and correct copy of which is attached to the Complaint as Exhibit 1, under which Triad agreed to purchase a $2,000,000 participating interest in a $2,700,000 million loan from CCB to Chanin-Maxwell, LLC for a residential development in Longmont, Colorado ("Chanin-Maxwell Participation Agreement").

5.    Only $1,855,000 of the loan was ever funded, with Triad funding a $1,150,000 share.

6.    Sometime before March 31, 2010, Chanin-Maxwell, the original borrower under

the loan transferred its interest in the residential development to Maxwell Place, LLC, which assumed the loan obligations and undertook to complete the residential development.

7. Maxwell Place, LLC requested additional loan amounts of $1,245,000 from CCB.

8. On or about March 31, 2010, Triad and CCB entered into a new participation agreement ("Maxwell Participation Agreement").

9. The loan underlying the Maxwell Participation Agreement is not in default.

10. On or about September 29, 2008, Triad and CCB entered into a Participation Agreement, a true and correct copy of which is attached to the Complaint as Exhibit 3, under which Triad agreed to purchase a $783,328.00 participating interest in a loan totaling $1,293,186.00 from CCB to Right Sky Properties, LLC for a retail development ("First Right Sky Participation Agreement").

11. On or about October 2, 2008, Triad and CCB entered into a second Participation Agreement, a true and correct copy of which is attached to the Complaint as Exhibit 4, under which Triad agreed to purchase a $1,216,672.00 participating interest in a second loan totaling $2,008,588.00 from CCB to Right Sky Properties, LLC for the same retail development ("Second Right Sky Participation Agreement").

12. The Right Sky loans are in default.

13. An actual controversy exists by and between plaintiff and defendant as to the parties' respective rights under the Chanin-Maxwell Participation Agreement and the Maxwell Participation Agreement and under the First and Second Right Sky Participation Agreements.

  **5. COMPUTATION OF DAMAGES**

  This is a declaratory judgment action and the only damages sought are costs and attorney's fees as may be allowed under the applicable law and agreements.

  **6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)**

  a. <u>Date of Rule 26(f) Conference</u>: Counsel for all parties met via telephone on June 23, 2011.

  b. <u>Participants in Rule 26(f) Conference</u>: Participating by telephone for plaintiff was Joseph E. Martineau, Lewis, Rice & Fingersh, L.C., 600 Washington, Suite 2500, St. Louis, MO 63101, phone no. 314/444-7729.  Appearing by telephone for defendant was Perry L. Glantz, Jones & Keller, P.C., 1999 Broadway, Suite 3150, Denver, CO 80202, phone no. 303/376-8410.

  c. <u>Rule 26(a)(1) Disclosures</u>: In accordance with Fed.R.Civ.P. 26(a)(1) and this Court's Order setting Rule 16(b) scheduling conference and Rule 26(f) planning meeting, the parties agreed to provide their initial disclosures on or before July 8, 2011.

  d. <u>No Proposed Changes for Rule 26(a)(1) Disclosures</u>: The parties do not propose any changes in the timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).

  e. <u>Informal Discovery</u>: At the present time, the parties have not entered into any agreement to conduct informal discovery, but will continue to consider such opportunities going forward.

  f. <u>Agreements Regarding Discovery and Case Preparation</u>: The parties have reached to following agreements regarding discovery:

(i) Documents and other materials marked as Exhibits during discovery will be consecutively numbered in Arabic numerals regardless of the party using of presenting the exhibit.

(ii) The parties agree that in responding to document requests, the producing party will pay its own production expenses, including costs for copying or processing hard copies or electronically stored information ("ESI"), Bates numbering, and confidentiality designations under any protective order.  Additionally, each party shall comply with its respective obligations under the Federal Rules regarding the preservation of evidence, including both hard copies and ESI.  The parties further agree and acknowledge that each party reserves all rights they have to object or otherwise respond to discovery they deem inappropriate and/or to seek relief from the Court and that nothing in this discovery plan shall be construed by any other party as a waiver of those rights.

(iii) Each party shall serve a privilege log conforming to the requirements of Fed.R.Civ.P. 26(b)(5) identifying information withheld on the basis of any privilege within 60 days after the related production of documents, but in no event later than the discovery cut-off set forth in paragraph 9(b) below.  Privilege logs need not identify attorney-client communications to or from, or attorney work product created by or for, each party's counsel directly related to this action.

(iv) Claims that information was inadvertently produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material shall be handled and resolved in accordance with Fed.R.Civ.P. 26(b)(5).

g.  <u>Discovery of Electronically Stored Information ("ESI")</u>: The parties anticipate that some discovery in this case will involve ESI, and have reached the following agreements which shall govern such discovery:

(i)  The parties have agreed that there shall be no need to produce materials in hard (paper) format where the identical materials have been produced in electronic format, and conversely that there shall be no need to produce materials in electronic format where the identical materials have been produced in hard (paper) format, unless the party receiving the hard (paper) copy specifically requests production in electronic format.

(ii)  With respect to discovery involving ESI, the parties shall confer and seek agreement on search terms, including date delimiters, consistent with the claims made in the case that will permit discovery and disclosure of ESI in as cost-efficient manner as practicable.

(iii)  The parties shall produce ESI in one of the following formats: (1) the native format in which the information was kept, provided that the native format includes metadata, and together with Summation or Concordance load files and extracted text; or (2) as .tiff images with OCR, Summation or Concordance load files, and extracted text, except that the following types of ESI will be produced in native format: (i) excel spreadsheets (with a document place-holder where appropriate), (ii) databases (e.g., Access databases); and (iii) media files. The extracted text shall include the following ESI fields: To, From, CC, Date and Time, Subject, BegDoc, EndDoc, BegAttach, EndAttach and Custodian. The parties shall preserve all metadata associated with the .tiff images in its production, and shall produce the metadata for any document upon request of the other party. In all cases, the format of produced information shall convey the same information

as the original document. If ESI presents image or formatting problems, the producing party shall notify the requesting party a reasonable time after discovery. The parties shall then meet and confer to resolve the problem.

(iv) With respect to inadvertently produced ESI, see paragraph 6(f)(iv) above.

(h) <u>Discussions Regarding Resolution</u>: There have been no settlement discussions at this time.

**7. CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

a. **Each side may take no more than ten depositions, plus the depositions of any specially retained experts. Each side may serve no more than 25 interrogatories, including discrete subparts.** ~~The presumptive limits of 10 fact witness depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A), and 25 interrogatories per party as set forth in Fed.R.Civ.P. 33(a), shall apply.~~

b. No deposition shall exceed one day of seven uninterrupted hours, except that where multiple depositions shall be set on the same day, a deposition consuming less than 7 hours and not concluded the same day may resume the next morning, or if agreed to by the parties, on a later day, but in no event shall such deposition exceed 7 hours.

c. Each party may serve no more than 25 requests for production and 25 requests for admission, including subparts.

d. The parties anticipate that some discovery in this action will involve materials for which good cause exists for a protective order under Fed.R.Civ. 26(c). The parties will confer regarding the potential terms of such a protective order premised on the model protective order

discussed in *Gillard v. Boulder Valley School District*, 196 F.R.D. 382 (D. Colo. 2000), and will prepare and file such proposed protective order pursuant to Local Rules.

**9. CASE PLAN AND SCHEDULE**

a. <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>: Any motion to amend pleadings or add additional parties shall be filed on or before **September 1, 2011** ~~October 14, 2011~~.

b. <u>Discovery Cut-Off</u>: All discovery shall be completed on or before **January 13, 2012**.

c. <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed on or before **February 17, 2012. At the direction of the district judge, any request to extend the dispositive motion deadline more than 30 days beyond the deadline originally set in this Scheduling Order must show exceptional circumstances warranting the extension.**

d. <u>Expert Witness Disclosure</u>:

1. At this point, the parties do not anticipate the need for expert testimony.

2. If a party or parties determines that an expert witness or witnesses are advisable, such party may engage no more than 2 expert witnesses.

3. The parties shall disclose the identity of their expert witness(es) and provide expert reports as required by Fed.R.Civ.P. 26(a)(2) according to the following schedule:

 **(a)** **The plaintiff shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 15, 2011**

 **(b)** **The defendant shall designate all experts and rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 15, 2011**

 **(c)** **The plaintiff shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 15, 2011**

- ~~Plaintiff shall disclose any experts(s) and his/her report by **September 23, 2011** and make such expert(s) available for deposition by **October 14, 2011**;~~
- ~~Defendants shall disclose any expert(s) and his/her report by **November 11, 2011** and make such expert(s) available for deposition by **December 9, 2011**;~~
- ~~Any rebuttal expert(s) and their reports shall be disclosed by **January 6, 2012** and made available for deposition by **January 17, 2012**.~~

  e. <u>Identification of witnesses to be deposed</u>: Based on information currently available, the parties anticipate the following depositions, but reserve the right to conduct additional depositions as discovery progresses.

> For Plaintiff: CCB employees or former employees who were involved with the Right Sky and Maxwell Place credits (with each deposition lasting 3 hours or less).
>
> - Allison Krausen
> - Randy Garman
> - Scott Hovey
> - Sean Sjodin
> - Bill Fanning
> - Robert Haas
>
> For Defendant: Triad employees who were involved with the Right Sky and Maxwell Place credits (with each deposition lasting 3 hours or less).
>
> - Thomas C. Anstey
> - Charles J. Wiegers
> - James V. Regna
> - Kennedy L. Hudson
> - Kimberly Jirsa

  f. <u>Deadline for Interrogatories</u>: All interrogatories must be served so that responses are due on or before the discovery cut-off.

   g. <u>Deadline for Requests for Production of Documents and/or Admissions</u>: All requests for production and/or requests for admission must be served so that responses are due on or before the discovery cut-off.

**10. DATES FOR FURTHER CONFERENCES**

a. A settlement conference may be set on the motion of the parties.  ~~will be held on _____ at _____ o'clock __.m.  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.~~

( ) *Pro se* parties and attorneys only need be present.

( ) **Pro se parties, attorneys and client representatives with authority to settle must be present.  (NOTE:  This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)**

( ) **Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.**

b. **Status conferences will be held in this case at the following dates and times:**

c. **A final pretrial conference will be set by the district judge after dispositive motions are determined.  If no dispositive motions are filed, the parties are directed to contact the chambers of the district judge within ten days of the dispositive motion deadline to request that a final pretrial conference be set.  Failure to contact the chambers of the district judge within the time allowed to request a final pretrial conference may result in the case being dismissed for failure to prosecute.**  ~~A final~~

~~pretrial conference will be held in this case on _____ at _____ o'clock \_\_.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.~~

11.     **OTHER SCHEDULING MATTERS**

a.     **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None at this time.

b.     **Anticipated length of trial and whether trial is to the court or jury.**

Three (3) days.  The parties have not requested a jury trial.

12.     **NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C. COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with Colo.L.Civ.R. 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to

this case.

13.     AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.  At the direction of the district judge, any request to extend the dispositive motion deadline more than 30 days beyond the deadline originally set in this Scheduling Order must show exceptional circumstances warranting the extension.

Dated July 27, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

APPROVED:

By:   s/ Geraldine A. Brimmer           By:   s/ Joseph E. Martineau (by consent)
    Geraldine A. Brimmer                        Joseph E. Martineau
    HOLLAND & HART, LLP                      LEWIS, RICE & FINGERSH, L.C.
    One Boulder Plaza                                   600 Washington, Suite 2500
    1800 Broadway, Suite 300                      St. Louis, Missouri  63101
    Boulder, Colorado  80302                      Telephone:  314/444-7729
    Telephone: 303/473-2733                       Facsimile:  314/612-7729
    Facsimile: 303/473-2720                         E-mail: jmartineau@lewisrice.com
    E-mail: gbrimmer@hollandhart.com


By:   s/ Perry L. Glantz (by consent)
    Perry L. Glantz
    Jones & Keller, P.C.
    1999 Broadway, Suite 3150
    Denver, CO 80202
    Telephone: 303/376-8410
    E-mail: pglantz@joneskeller.com