IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-1220-MSK-BNB

TRIAD BANK, a Missouri chartered bank,

        Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY, A North Carolina chartered commercial bank,

        Defendant.

## FIRST-CITIZENS BANK & TRUST COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, SPECIFIC PERFORMANCE AND MONEY DAMAGES

Defendant First-Citizens Bank & Trust Company (hereinafter referred to as "FCB") by and through its undersigned counsel, hereby submits its Answer to First Amended Complaint and states as follows:

### NATURE OF THIS ACTION

1. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 1 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 1 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. FCB denies that Triad Bank (hereinafter referred to as "Triad") is entitled to the declaratory relief requested in paragraph 1 of the First Amended Complaint.

## PARTIES

2.     FCB is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the First Amended Complaint.

3.     FCB admits the allegations of paragraph 3 of the First Amended Complaint.

4.     FCB admits the allegations of paragraph 4 of the First Amended Complaint.

5.     FCB admits the allegations of paragraph 5 of the First Amended Complaint.

6.     FCB admits the allegations of paragraph 6 of the First Amended Complaint.

## JURISDICTION AND VENUE

7.     Paragraph 7 of the First Amended Complaint states a legal conclusion to which no response is required.  To the extent paragraph 7 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

8.     Paragraph 8 of the First Amended Complaint states a legal conclusion to which no response is required.  FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 8 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 8 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied.  To the extent paragraph 8 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

## COUNT I
## (Maxwell Place Participation)

9. FCB hereby incorporates its responses, allegations and affirmative statements in all of the preceding paragraphs as if fully set forth herein.

10. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 10 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 10 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 10 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

11. FCB admits the allegations contained in paragraph 11 of the First Amended Complaint.

12. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 12 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 12 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 12 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

13. FCB affirmatively alleges that the documentation of the loan transfer agreements referred to in the allegations contained in paragraph 13 of the First Amended

Complaint speaks for itself and that any allegations contained in paragraph 13 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 13 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

14. FCB affirmatively alleges that the documentation of the loan transfer agreements referred to in the allegations contained in paragraph 14 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 14 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 14 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

15. FCB denies the allegations contained in paragraph 15 of the First Amended Complaint.

16. FCB denies the allegations contained in paragraph 16 of the First Amended Complaint.

17. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 17 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 17 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 17 of the First Amended Complaint is intended or

construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

  18. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 18 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 18 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 18 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

  19. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 19 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 19 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 19 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

  20. FCB denies the allegations contained in paragraph 20 of the First Amended Complaint.

  21. FCB denies the allegations contained in paragraph 21 of the First Amended Complaint.

22. FCB admits the allegations contained in paragraph 22 of the First Amended Complaint.

23. FCB denies the allegations contained in paragraph 23 of the First Amended Complaint.

24. FCB denies the allegations contained in paragraph 24 of the First Amended Complaint.

25. FCB admits the allegations contained in paragraph 24 of the First Amended Complaint.

26. FCB admits the allegations contained in paragraph 25 of the First Amended Complaint.

WHEREFORE, First-Citizens Bank & Trust Company respectfully demands judgment as follows:

>That this Court enter judgment in First-Citizens Bank & Trust Company's favor and against Triad Bank on all claims asserted in the First Amended Complaint and find that First-Citizens Bank & Trust Company is entitled to such other and further of the following relief as this Court deems just and proper:
>
> a. An order declaring that Triad Bank is entitled to repayment of its participation interest on a pro rata basis with First-Citizens Bank & Trust Company;
>
> b. Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;
>
> c. Prejudgment and post judgment interest according to law; and
>
> d. Plaintiff s' attorney's fees, costs and expenses of this lawsuit pursuant to C.R.S. §13-16-104, or otherwise.

## COUNT II

### (Right Sky Participation)

27. FCB hereby incorporates its responses, allegations and affirmative statements in all of the preceding paragraphs as if fully set forth herein.

28. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 28 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 28 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 28 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

29. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 29 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 29 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 29of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

30. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 30 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 30 of the First

Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 30 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

31.     FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 31 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 31 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 31 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

32.     FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 32 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 32 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 32 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

33.     FCB admits the allegations contained in paragraph 33 of the First Amended Complaint.

34. FCB affirmatively alleges that the documentation of the participation agreements referred to in the allegations contained in paragraph 34 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 34 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 34 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

35. FCB is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 35 of the First Amended Complaint.

36. Paragraph 36 of the First Amended Complaint states a legal conclusion to which no response is required. To the extent paragraph 36 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

37. FCB denies the allegations contained in paragraph 37 of the First Amended Complaint.

38. FCB admits the allegations contained in paragraph 38 of the First Amended Complaint.

39. FCB denies the allegations contained in paragraph 39 of the First Amended Complaint.

WHEREFORE, First-Citizens Bank & Trust Company respectfully demands judgment as follows:

That this Court enter judgment in First-Citizens Bank & Trust Company's favor and

against Triad Bank on all claims asserted in the First Amended Complaint and find that First-Citizens Bank & Trust Company is entitled to such other and further of the following relief as this Court deems just and proper:

a. An order declaring that Triad Bank is entitled to repayment of its participation interest on a pro rata basis with First-Citizens Bank & Trust Company;

b. Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;

c. Prejudgment and post judgment interest according to law; and

e. Plaintiffs' attorney's fees, costs and expenses of this lawsuit pursuant to C.R.S. §13-16-104, or otherwise.

## COUNT III

### (Specific Performance – Maxwell Place Participation)

40. FCB hereby incorporates its responses, allegations and affirmative statements in all of the preceding paragraphs as if fully set forth herein.

41. FCB denies the allegations contained in paragraph 41 of the First Amended Complaint.

42. FCB denies the allegations contained in paragraph 42 of the First Amended Complaint.

43. FCB affirmatively alleges that the documentation of the Assumption Agreement referred to in the allegations contained in paragraph 43 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 43 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied. To the extent paragraph 43 of the First Amended Complaint is intended or

construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

44.     FCB affirmatively alleges that the documentation of the Assumption Agreement referred to in the allegations contained in paragraph 44 of the First Amended Complaint speaks for itself and that any allegations contained in paragraph 44 of the First Amended Complaint characterizing the terms of the agreement as expressed therein are expressly denied.  To the extent paragraph 44 of the First Amended Complaint is intended or construed to allege any actionable conduct or omission on the part of FCB it is hereby denied.

45.     FCB denies the allegations contained in paragraph 45 of the First Amended Complaint.

46.     FCB denies the allegations contained in paragraph 46 of the First Amended Complaint.

47.     FCB denies the allegations contained in paragraph 47 of the First Amended Complaint.

48.     FCB denies the allegations contained in paragraph 48 of the First Amended Complaint.

49.     FCB denies the allegations contained in paragraph 49 of the First Amended Complaint.

50.     FCB denies the allegations contained in paragraph 50 of the First Amended Complaint.

51. FCB denies the allegations contained in paragraph 51 of the First Amended Complaint.

WHEREFORE, First-Citizens Bank & Trust Company respectfully demands judgment as follows:

That this Court enter judgment in First-Citizens Bank & Trust Company's favor and against Triad Bank on all claims asserted in the First Amended Complaint and find that First-Citizens Bank & Trust Company is entitled to such other and further of the following relief as this Court deems just and proper:

a. An order declaring that Triad Bank is not entitled to an order of specific performance;

b. Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;

c. Prejudgment and post judgment interest according to law; and

d. Plaintiffs' attorney's fees, costs and expenses of this lawsuit pursuant to C.R.S. §13-16-104, or otherwise.

## COUNT IV

### (Money Damages for Breach of Contract – Maxwell Place Participation)

52. FCB hereby incorporates its responses, allegations and affirmative statements in all of the preceding paragraphs as if fully set forth herein.

53. FCB denies the allegations contained in paragraph 53 of the First Amended Complaint.

WHEREFORE, First-Citizens Bank & Trust Company respectfully demands judgment as follows:

That this Court enter judgment in First-Citizens Bank & Trust Company's favor and against Triad Bank on all claims asserted in the First Amended Complaint and find that First-Citizens Bank & Trust Company is entitled to such other and further of the following relief as this Court deems just and proper:

      a. An order declaring that Triad Bank is not entitled to any award of damages;

      b. Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;

      c. Prejudgment and post judgment interest according to law; and

      d. Plaintiffs' attorney's fees, costs and expenses of this lawsuit pursuant to C.R.S. §13-16-104, or otherwise.

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails, in whole or in part, to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to a failure of consideration.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of mistake or by the lack of a meeting of the minds.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unconscionability.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by Plaintiff's failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to act in good faith and fair dealing as to the subject matter of the business transaction between the parties.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

WHEREFORE, First-Citizens Bank & Trust Company respectfully demands judgment as follows:

That this Court enter judgment in First-Citizens Bank & Trust Company's favor and against Triad Bank on all claims asserted in the First Amended Complaint and find that First-Citizens Bank & Trust Company is entitled to such other and further of the following relief as this Court deems just and proper:

a. An order declaring that Triad Bank is entitled to repayment of its participation interest on a pro rata basis with First-Citizens Bank & Trust Company;

b. Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;

c. Prejudgment and post judgment interest according to law; and

d. Plaintiffs' attorney's fees, costs and expenses of this lawsuit pursuant to C.R.S. §13-16-104, or otherwise.

Respectfully submitted, Thursday, September 29, 2011

                              s/ Perry L. Glantz
                              Perry L. Glantz, Esq.
                              JONES & KELLER, P.C.
                              **ATTORNEYS FOR FIRST-CITIZENS BANK & TRUST COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the Thursday, September 29, 2011, a true and correct copy of the foregoing **FIRST-CITIZENS BANK & TRUST COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, SPECIFIC PERFORMANCE AND MONEY DAMAGES** was filed electronically with the Clerk of the Court using the CM/ECF system at the following address:

Geraldine A. Brimmer
Holland & Hart, LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302

Joseph E. Martineau
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2600
St. Louis, Missouri 63101

                                                   s/ Perry L. Glantz