IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-1220-MSK-BNB

TRIAD BANK, a Missouri chartered bank,

        Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY, A North Carolina chartered commercial bank,

        Defendant.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant First-Citizens Bank & Trust Company ("First-Citizens"), by and through the undersigned counsel, pursuant to F.R.C.P. 56 hereby move this Court for the entry of summary judgment in their favor on Count II in the above-captioned action.

### INTRODUCTION

This is an action for declaratory relief under multiple Participation Agreements entered into between Triad Bank and Colorado Capital Bank, predecessor-in-interest to First-Citizens. Triad Bank has requested the Court to interpret the unambiguous language of these Participation Agreements. The Participation Agreements are plain and unambiguous and should be enforced as a matter of law.

### STATEMENT OF UNDISPUTED FACTS

It is undisputed that Plaintiff and Defendant entered into two separate Participation Agreements regarding Right Sky Properties, LLC. See Participation Agreement dated

September 29, 2008 attached as Exhibit A and Participation Agreement dated October 2, 2008 attached as Exhibit B.  Paragraph 3 of the First and Second Right Sky Participation Agreements provides:

> Except as provided in paragraph 8, any payments made on the Loan, and any proceeds of any collateral for the Loan shall be applied in the order identified in the Loan Documents and divided between Seller and Participant as set out in <u>Exhibit A</u>.

See Exhibits A and B.  Paragraph 8 of the First and Second Right Sky Participation Agreements provides:

> Notwithstanding any other provision herein to the contrary, if the Seller receives a payment after default of the Loans, and whether pursuant to a demand for payment or as a result of a legal proceeding against the Borrower(s) or through payment by or action against any other person in any way liable on account of the indebtedness evidenced by such Loans, or from realization upon any security for the Loans, or from any source whatever, such payment shall be applied in the following order:
>
> (a)   To the costs and expenses, including attorney's fees, incurred in effecting such recovery or in enforcing any right or remedy under the Loan Documents or in realizing upon any security for the Loans;
>
> (b)   To accrued interest payable of which an amount represents its pro rata share at the time of default shall be paid to the Participant; and

2

    (c) To the unpaid principal amount of the Loans, of which an amount representing its pro rata share at the time of default shall be paid to the Participant.

Notwithstanding all foregoing provisions, it is expressly understood and agreed that any losses sustained with respect to the Loans shall be borne by the Participant in accordance with its pro rata share at the time of maturity or default.

*Id.* The Right Sky loans are in default. See Complaint ¶ 29 and Answer ¶29.

## ARGUMENT

"Summary judgment is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Thompson v. Maryland Casualty Co.*, 84 P.3d 496 (Colo. 2004). "The purpose is to permit the formal allegations of the pleadings to be pierced, saving the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail." *Walcott v. Total Petroleum Inc.*, 964 P.2d 609 (Colo. App. 1998).

"The interpretation of a written contract is generally a question of law for the court to decide. <u>Pepcol Manufacturing Co. v. Denver Union Corp., 687 P.2d 1310 (Colo.1984)</u>. As such, it is appropriate to resolve contract interpretation disputes on summary judgment. <u>Tynan's Nissan, Inc. v. American Hardware Mutual Insurance Co., 917 P.2d 321 (Colo.App. 1995)</u>." *Anderson v. Denver Public School Employees' Pension and Benefit Association*, 935 P.2d 31, 33 (Colo. App. 1996). "Written contracts that are complete and free from any

ambiguities will be enforced according to their plain language. When determining whether the provisions of an agreement are ambiguous, the language must be examined and construed in harmony with the plain and generally accepted meaning of the words used therein." *Id.* "With regard to contractual obligations, the agreement of the parties, expressed in the terms of their contract, is the controlling law." *Roberts v. American Family Mutual Insurance, Co.*, 144 P.3d 546, 548 (Colo. 2006).

In the present case, the language of the First and Second Right Sky Participation Agreements is plain and unambiguous. Paragraph 3 provides that *"Except as provided in paragraph 8,"* Exhibit A would govern the division of payments made on the loan and proceeds of any collateral for the loan. Paragraph 8 provides that when payments are received following default of the loan, the division will be made based on the participant's pro rata share at the time of default.

It is undisputed that the Right Sky loans are in default. Accordingly, any payments received or proceeds of collateral for the loan must be allocated between Triad and First Citizens on a pro rata basis. There is no other interpretation of the Participation Agreements possible given the plain and unambiguous language of Paragraphs 3 and 8.

## CONCLUSION

There are no genuine issues of material fact to be tried with respect to Count II of the Complaint. The Right Sky loans are in default. As a result, the language of paragraph 8 of the First and Second Right Sky Participation Agreements controls and the Court should enter declaratory judgment that the parties are entitled to payment on a pro rata basis in this regard.

WHEREFORE, First-Citizens respectfully requests that this Court enter final judgment in its favor as follows:

1. That this Court declares that Triad Bank is entitled to repayment of its participation interest on a pro rata basis.

Respectfully submitted, Monday, March 19, 2012

        s/ Nicole R. Strong
Nicole R. Strong, Esq.
Perry L. Glantz, Esq.
JONES & KELLER, P.C.
**ATTORNEYS FOR FIRST-CITIZENS BANK & TRUST COMPANY**

5

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the Monday, March 19, 2012, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system at the following address:

Geraldine A. Brimmer
Holland & Hart, LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302

Joseph E. Martineau
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2600
St. Louis, Missouri 63101

                s/ Nicole R. Strong