

## COLORADO CAPITAL
## ──BANK──
### EDWARDS

# **PARTICIPATION AGREEMENT**

     THIS PARTICIPATION AGREEMENT (this "Agreement") made as of October 2, 2008 between Colorado Capital Bank having its principal offices at 7505 Village Square Dr., Castle Rock, CO 80108 ("Seller") and Triad Bank having its principal offices at 10375 Clayton Road Frontenac, MO, 63131 ("Participant"). Seller has or intends to make two loans to Right Sky Properties, LLC ("Borrower") as described in Exhibit A hereto (the "Loan"). A copy of the promissory notes, guaranties, security agreements and other documents evidencing or securing the Loan (the "Loan Documents") have been delivered to the Participant. Subject to the terms and conditions of this Agreement, Seller and Participant agree as follows with respect to the sale of an interest in the Loan by Seller to Participant.

     1.     Seller hereby sells and Participant hereby purchases an undivided interest in the Loan (the "Participation"). Participant shall pay to Seller the purchase price for the Participation as set out in Exhibit A. The purchase price shall be paid in cash or by wire transfer of funds to the Seller no later than the next business day after the Seller requests payment therefor. If the Loan is a line of credit or will otherwise be disbursed in multiple advances, Participant shall be required to make advances as required from time-to-time by Seller up to aggregate of Participant's purchase price at any time. Earnings on the Participation shall not accrue until payment for the Participation has been received by Seller in collected funds.

     2.     Seller's sale of the Participation is without recourse and without any warranties or representations expressed or implied except as specifically set forth in this Agreement. Participant represents that it has examined each of the Loan Documents and has made an independent review and judgement concerning the Loan, including the credit risk involved therein and the adequacy of the security therefor. Seller shall not be responsible to the Participant, with respect to any recitals, statements, covenants, warranties or representations contained in the Loan Documents or any financial statement or data furnished by the Borrower nor shall the Seller be required to inquire as to the truth or accuracy of any such items. The Seller shall not be responsible to the Participant for any fraud or misrepresentation on the part of the Borrower or its agent regarding the execution, genuineness, validity, enforceability, or effectiveness of the Loan Documents. Notwithstanding any of the foregoing, in the event the Loan is in default, the Seller shall provide the Participant prior notice of any scheduled meeting with the borrower, and provide the Participant a reasonable opportunity to attend and participate in such meeting.

     3.     Except as provided in paragraph 8, any payments made on the Loan, and any proceeds of any collateral for the Loan shall be applied in the order identified in the Loan Documents and divided between Seller and Participant as set out in Exhibit A. If, at any time, repayment of the loan, as determined in the Sellers reasonable opinion is impaired, or if, at the time the last expected payment from the Borrower is received, there are not sufficient funds to repay Participant's interest in full, all payments shall be first applied to advances of principal, then to accrued interest, and then to repayment of advances made to pay fees and expenses, and Participant shall have no claim against Seller for any remaining balance. Seller shall receive all payments of principal, interest, default penalties, collateral proceeds, and other amounts payable on the Loan. Seller shall, within five (5) business days after receipt, report and remit to the Participant its share of such payments. Participant shall apply payments as instructed by the Seller as of the effective date the payment was received by the Borrower.

     4.     Seller shall hold in its name and have title to and retain possession or control of, the Loan Documents and all other security documents, papers and other items provided for or required under the Loan Documents. Seller shall maintain records reflecting the Participation, any advances made to the Borrower, and all payments received on the Loan and disposition thereof. With reasonable advance notice, Participant and the examining regulatory authority of Participant or Seller shall have the right during the normal business hours of Seller to inspect Seller's books, records and documents relating to the Loan. Seller will provide Participant with copies of all records, and any and all documents including insurance policies which evidence, secure or support the Loan.

439 Edwards Access Boulevard, Suite B202 | Mail: PO Box 2740 | Edwards, CO 81632 | 970.926.2531 | Fax 970.926.2541 | www.coloradocapitalbank.com

5. Seller shall be entitled to rely on any document or statement believed by it to be genuine and correct. Neither the Seller nor any of its officers, directors, agents, representatives or employees shall be liable for any action or omission in connection with this Agreement or the Loan Documents except for its gross negligence or willful misconduct. Seller shall be entitled to the advice and assistance of legal counsel and to rely on any opinions of counsel with respect to the Loan Documents, this Agreement, and all matters incident thereto. Seller shall not be liable for any action taken or omitted in good faith in reliance on such legal opinions. Errors in judgment shall not be considered gross negligence or willful misconduct for purposes of this Agreement.

6. Seller may, with notice to, but without any necessity of securing the consent of, Participant: (a) declare a default, accelerate the maturity of the Loan, and demand payment of the Loan; (b) institute legal proceedings to enforce the Loan; (c) compromise and accept any condemnation or casualty award relating to any collateral; (d) foreclose upon the collateral securing the Loan; and (e) accept additional collateral; (f) release any existing collateral for the Loan. Either Seller or Participant may purchase the collateral at any foreclosure sale, and the proceeds of such purchase shall be distributed between Purchaser and Seller as set out herein. Seller and Participant agree that, in any dealings or negotiations between Seller and parties other than Participant, Seller shall be considered to be the sole owner and holder of the Loan, and such other parties may look to Seller as the sole owner and holder thereof without inquiry as to whether Participant has concurred in such dealings or negotiations.

7. If the Loan is declared in default and payment is accelerated as a result thereof, Seller at its option, but without any obligation to do so, may repurchase Participant's share of the balance of principal and accrued interest then owing on such Loan.

8. Notwithstanding any other provision herein to the contrary, if the Seller receives a payment after default of the Loans, and whether pursuant to a demand for payment or as a result of a legal proceeding against the Borrower(s) or through payment by or action against any other person in any way liable on account of the indebtedness evidenced by such Loans, or from realization upon any security for the Loans, or from any source whatever, such payment shall be applied in the following order:

 (a) To the costs and expenses, including attorney's fees, incurred in effecting such recovery or in enforcing any right or remedy under the Loan Documents or in realizing upon any security for the Loans;

 (b) To accrued interest payable of which an amount represents its pro rata share at the time of default shall be paid to the Participant; and

 (c) To the unpaid principal amount of the Loans, of which an amount representing its pro rata share at the time of default shall be paid to the Participant.

Notwithstanding all foregoing provisions, it is expressly understood and agreed that any losses sustained with respect to the Loans shall be borne by the Participant in accordance with its pro rata share at the time of maturity or default.

9. Participant shall reimburse Seller for Participant's share of all expenses incurred by Seller (including without limitation attorney fees and liabilities to third parties) in the enforcement and administration of the Loan and this Agreement, and for all payments or advances made by Seller pursuant to the terms of any Loan Documents for the purpose of protecting the security of the Loan within thirty (30) days after request by Seller. The amount of reimbursement required from Participant shall be equal to the percentage of Participant's interest in the principal amount of the Loan at the time such expense is incurred. If the Loan is declared in default, the amount of reimbursement from the Participant shall be equal to the percentage of Participant's interest in the principal amount of the Loan at the time the default is declared, and such percentage shall not reduce if any amounts are recovered on the loan.

10. If Participant receives payment on the Loan from any source in greater amount than provided in Exhibit A, Participant shall pay to the Seller such sums as shall be necessary to cause such payment to be divided between Seller and Participant in accordance with their rights under Exhibit A. Participant subordinates any other claims it may have against Seller or Seller's property to the Loan until the Loan is paid in full.

11. Nothing herein shall constitute either party the agent for the other, nor render the relationship between the Seller and Participant as one of joint venture or partnership. Participant has purchased hereunder an

undivided interest in the Loan. Neither Seller nor Participant makes any expressed or implied representation or warranty of any kind other than those specifically set out herein.

12. Neither Seller nor Participant may assign or transfer all or any portion of its interest in the Loan without first delivering to the other party written notice ("Transfer Notice") offering to the other party the right to purchase (or repurchase, as the case may be) all or a portion of the transferring party's interest in the Loan. The Transfer Notice shall set forth the amount of the Loan that will be transferred ("Transferred Amount"). In the event the Participant is the transferring party, the Participant shall provide to the Seller a written agreement from a proposed purchaser, containing terms substantially like those set forth herein, evidencing such third party's intent to purchase all or any portion of the Participation. The non-transferring party shall have 10 days from the receipt of such Transfer Notice to purchase the Transferred Amount. Any assignment in contravention of the provisions set forth herein shall be void.

13. This Agreement contains the entire agreement between the parties and shall not be modified in any respect except by an amendment in writing signed by both parties. The invalidity of any portion of this Agreement shall in no way affect the balance thereof. This Agreement shall remain in effect until the Loan is fully paid. This Participation Agreement is executed under and shall be governed and construed in accordance with the laws of the State of Colorado, and the parties hereto submit to the jurisdiction of the courts of Colorado. This Agreement shall inure to the benefit of and be binding on the successors and permitted assigns to the parties hereto.

PARTICIPANT

By: _[signature]_

Print Name: Thomas C. Anstey

Title: Asst. Vice President

Colorado Capital Bank ("Seller")

By: _[signature]_

Print Name: Allison S. Krausen

Title: Vice President-Loan Officer

## EXHIBIT A – PARTICIPATION AGREEMENT

Seller:             Colorado Capital Bank

Participant:        Triad Bank

Borrower:           Right Sky Properties, LLC (Building 6A)

Loan #:             11601059

Loan Amount:        $2,008,588

Participation:      $1,216,672

Participation Rate: CCB Base Rate + .75% (currently 5.75%)

Rate Change Frequency: Daily

Loan Fees Paid to Participant:   $9,125.04

Type of Advances:   _____ Single Advance    ____ Multiple Advance    x  Line of Credit

Terms of Advance:   Once Colorado Capital Bank is fully advanced, subsequent funding will be requested from Triad Bank.

Method of Advances and Repayments (check applicable method):

_____    Pro Rata. Participant shall make payments pro rata with Seller's advances of principal on the Loan. Payments on the Loan (including accrued interest, and repayment of contributions to fees and expenses) shall be distributed pro rata between Seller and Participant.

x_____   LIFO. Participant shall be required to pay the purchase price for the Participation only after Seller has advanced all of Seller's share of the principal of the Loan. Repayments of the Loan (by repayment or by enforcement of collateral) shall be first paid to Participant until all of Participant's purchase price, and accrued interest, and repayment of contributions to fees and expenses have been paid in full, whereupon Participant will have no further interest in the Loan.

_____    FIFO. Participant shall be required to pay the purchase price for the Participation immediately, or as otherwise required by paragraph 1 of the Participation Agreement. Repayments of the loan (by repayment or by enforcement of collateral) shall be first paid to Seller until all of Seller's portion and accrued interest are satisfied.

Colorado Capital Bank                         PARTICIPANT

By: _____                     By: _____

**DEF000182**

## EXHIBIT A – PARTICIPATION AGREEMENT

**Seller:** Colorado Capital Bank

**Participant:** Triad Bank

**Borrower:** Right Sky Properties, LLC

**Loan #:** 11601059

**Loan Amount:** $2,008,588

**Participation:** $1,096,672

**Participation Rate:** CCB Base Rate + 1.75%, with a floor of 6.24%

**Rate Change Frequency:** Daily

**Loan Fees Paid to Participant:** $6,000.00

**Type of Advances:** The Loan and the Participation have been fully advanced

**Change in Terms:** The current maturity date of October 02, 2010 has been extended to March 2, 2013. The current floor rate of 5.99% has been increased to 6.49%. The payment schedule has been modified to be fully amortizing over 25 years, with a balloon payment at maturity.

**Method of Advances and Repayments (check applicable method):**

____ **Pro Rata.** Participant shall make payments pro rata with Seller's advances of principal on the Loan. Payments on the Loan (including accrued interest, and repayment of contributions to fees and expenses) shall be distributed pro rata between Seller and Participant.

**x** **LIFO.** Participant shall be required to pay the purchase price for the Participation only after Seller has advanced all of Seller's share of the principal of the Loan. Repayments of the Loan (by repayment or by enforcement of collateral) shall be first paid to Participant until all of Participant's purchase price, and accrued interest, and repayment of contributions to fees and expenses have been paid in full, whereupon Participant will have no further interest in the Loan.

____ **FIFO.** Participant shall be required to pay the purchase price for the Participation immediately, or as otherwise required by paragraph 1 of the Participation Agreement. Repayments of the loan (by repayment or by enforcement of collateral) shall be first paid to Seller until all of Seller's portion and accrued interest are satisfied.

Colorado Capital Bank                         PARTICIPANT

By: /s/ Allison Thiausen                      By: /s/ T. Caus