**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-1220-MSK-BNB

TRIAD BANK, a Missouri chartered bank,

    Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina chartered commercial bank,

    Defendant.

## RESPONSES TO
## FIRST-CITIZENS BANK & TRUST COMPANY'S
## FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION
## TO PLAINTIFF TRIAD BANK

Plaintiff Triad Bank ("Triad") responds to Defendant First-Citizens Bank & Trust Company's ("FCB"), First Set of Interrogatories and Requests for Production to Plaintiff Triad Bank as follows:

### Definitions and Instructions

The following definitions apply to the below Interrogatories and Requests for Production:

1.  "Document" means any electronically stored information, handwritten, printed, mimeographed, lithographed, microfilmed, magnetically or electronically taped or stored, duplicated, typed or other graphic, photographic or electronic matter of any kind or nature, whether original or copy, and shall include, without limiting the generality of the foregoing, all letters, telegrams, correspondence, contracts, agreements, purchase orders, blueprints, drawings, catalogs, manuals, instructions, warranties, audio and video tapes, notes, recordings or transcripts thereof, memoranda of telephone or personal conversations or of meetings or conferences,

**EXHIBIT D**

minutes, corporate minute books, studies, reports, analyses, interoffice communications, e-mails, computer printouts, computer files of any kind, receipts, cancelled checks, money orders, invoices and bills, and any other document, including originals and any copy that differs from the original in any way, or thing discoverable under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

2. "Person" or "Persons" includes, without limitation, individuals, associations, partnerships, corporations, and governmental or other legal entities of any kind, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates, and subsidiaries thereof.

3. "You," "Your", "Plaintiff" or "Triad" means Triad Bank, the plaintiff in this suit, as well as well as any predecessors-in-interest and successors-in-interest.

4. "FCB" means the defendant in this suit, First-Citizens Bank & Trust Company, as well as any predecessors-in-interest and successors-in-interest.

5. "Participations" means the Chanin-Maxwell Participation Agreement referenced in paragraph 7 of the Complaint herein, the Maxwell Participation Agreement referenced in paragraph 14 of the Complaint herein, the First Right Sky Participation Agreement referenced in paragraph 24 of the Complaint herein, and the Second Right Sky Participation Agreement referenced in paragraph 25 of the Complaint herein, whether individually, collectively, or in any combination.

6. The term "communication" is used herein in its broadest sense and means any oral or written exchange of any sort between or among two or more persons, including without

limitation, in-person or telephone conversations, written or electronically transmitted correspondence, memoranda, or messages, and voice mail or other recorded messages.

7. The terms "identify" and "describe" mean:

   a. when referencing an individual – his/her full name, present and last known business and personal address, telephone number and his/her last known business affiliation and position;

   b. when referencing a corporation or other legal entity – its full name, telephone number, principal place of business;

   c. where referencing a document – the date appearing on the document, or if undated, the date it was written or created, the caption, title, author of the document, the general nature or description of the document (e.g., letter, email, etc.), the number of pages of which it consists, the name and address of each person to which it is addressed, the general subject matter of the document and any changes/revisions/amendments made to any copy of the document;

   d. when referencing a communication, act, occurrence or meeting – the event(s) constituting such communication, act, occurrence, or meeting, the date and time of the communication, act, occurrence, or meeting, the general subject matter and any person in attendance.

8. "Relate" or "relating to" shall mean relating, reflecting, describing, referring, supporting, confirming, constituting, evidencing, concerning, or comprising.

3

9. "Third Party" means any individual, partnership, firm, corporation, joint venture, association or other legal entity, its agents, employees, parent company or subsidiaries other than Triad or FCB.

10. In construing these interrogatories the conjunctive "and" shall also mean the disjunctive "or" and vice versa.

11. In construing these interrogatories the singular shall also mean the plural and vice versa.

12. If you object to any request on the basis of an assertion of privilege, then state what privilege is being asserted, the factual and legal basis for the assertion of the privilege, the general subject matter of the document (if applicable), the author, title and number of pages therein. If only a portion of a document is privileged, then produce the unprivileged portions following the above-described procedure for the privileged portions.

13. These interrogatories are continuing in nature.

14. If it is not possible to answer any one, or any subpart, of these interrogatories in full after exercising due diligence to secure responsive information, explicitly state so.

## RESPONSES TO INTERROGATORIES

1. State the name, address, telephone number and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses).

**RESPONSE: Charles J. Wiegers, Sr. VP, and Thomas C. Anstey, Ass't V.P., Triad Bank, 10375 Clayton Rd., St. Louis, MO 63131, (314) 993-4333.**

4

2.       Identify all Persons which Triad may offer as witnesses at trial in this matter.

<u>RESPONSE</u>: Objection. At this point, Triad has not determined who it will or may call as witnesses at the trial of this matter, and the Federal Rules do not contemplate or permit discovery into such matters.

Without waiving this objection, Triad states as follows:

Triad may call any person having knowledge of relevant facts to testify as witnesses at the trial of this matter, including but not limited to the following:

The following employees of Triad Bank who were involved with the subject credits and who are listed below along with their title may be called to testify as witnesses to testify about the participation agreements at issue in this litigation and the interpretation thereof and matters related thereto. The address for each is 10375 Clayton Rd., St. Louis, MO 63131, and the phone number for each is (314) 993-4333.

- Thomas C. Anstey, Asst. VP
- Charles J. Wiegers, Sr. VP
- James V. Regna, President/CEO
- Kennedy L. Hudson, Executive VP
- Kimberly Jirsa, VP
- Daniel R. Pogue, Executive VP (now working at Midwest Bank Center, Lemay Ferry Road, St. Louis, Mo.)

The following former employees of Colorado Capital Bank ("CCB") who were involved with the Right Sky and Maxwell Place credits, and who are listed below along with their last known address and telephone numbers, may be called as witnesses:

- Allison Krausen, (970) 471-2803, Address not known.
- Randy Garman, (970) 376-5105, PO Box 3624, Vail, CO 81658.
- Scott Hovey, (970) 390-3707, PO Box 2201, Edwards, CO 81632.
- Sean Sjodin, (303) 814-5510 office, (612) 432-8300 cell, 5251 DTC Parkway, Suite 1120, Greenwood Village, CO 80111.
- Bill Fanning, (303) 587-4641, Address not known.
- Robert Haas, (303) 660-7702 office, (303) 667-9436 cell, 1434 Spruce Street, Suite 110, Boulder, CO 80302.
- Fred Eller, 269 Jackson St. Denver, CO 80206.
- Peter Lindquist, (303) 814-5554, 5251 DTC Parkway, Suite 1120, Greenwood Village, CO 80111.
- John Davis (present location unknown).

5

> The following employees of Maxwell Place, LLC, who have knowledge of CCB's default of its commitment to loan additional funds may be called as a witness:
>
> - Chris Manley, (303) 307-5041, 270 St. Paul Street, Denver, CO 80206.
> - Joe Wilson, (303) 307-5041, 270 St. Paul Street, Denver, CO 80206.
>
> In addition to general matters relating to the participation agreements and loans at issue, Thomas C. Anstey of Triad may testify about a conversation he had with Allison Krausen during the first quarter of 2010. At that time, a loan modification to Right Sky was being proposed by CCB. Mr. Anstey spoke with Ms. Krausen, Vice President at CCB, who at that time was the CCB officer on the Right Sky deals. Based on an email scheduling the phone call, it is believed that the call occurred on March 4, 2010. On that call, among other questions posed by Mr. Anstey about the loan modification, Mr. Anstey referenced his/Triad's interpretation of the Participation Agreement, specifically, that Triad would be repaid on a LIFO basis, both in repayment and in the event of default based on the language in Exhibit A of the Participation Agreement. In agreeing to the participation, it was always Triad's interpretation that it was in a LIFO position both in repayment and in the event of default, and Triad wanted confirmation. Ms. Krausen said that she agreed with this interpretation. Based on that conversation, Mr. Anstey referenced that "Triad is in a LIFO (Last-In, First-Out) position, both in repayment and in the event of default" – in a write-up approving the loan modification dated 3/3/10. (The write-up was started by a credit analyst on 3/3/10, so that is the date of the write-up, even though Triad believes that the conversation with Ms. Krausen occurred the following day.) The information addressed in that call was then added to the write-up before the deal went to Triad's Loan Committee on 3/8/10.

3. Please describe in detail the factual basis of your contentions in paragraph 15 of the First Amended Complaint including the identification of all persons with knowledge related to these contentions.

> **RESPONSE:** When it appeared that the original borrower was going to be unable to complete the real estate development and might default on its loan, Fred Eller and Robert Haas of CCB presented a plan to Triad to payoff the existing loan by extending a new loan to a new borrower, Maxwell Place, LLC, an entity owned and affiliated with the Pauls Group. As part of the transaction, and in order to complete the real estate development securing the loans, Maxwell Place, LLC required additional financing over and above that extended to the original borrower. Triad was not willing to participate in any additional financing. In order to do the deal, CCB agreed to extend the additional financing to Maxwell Place, LLC on a

6

subordinated basis, but wanted Triad to agree to alter the existing participation arrangement by converting its First Out ("LIFO") repayment to a pro rata repayment. Triad agreed to modify the participation arrangement from one where it would be paid back first ("LIFO") to one where it would be paid back together with CCB on a pro rata basis in consideration of and relying on CCB's agreement to extend additional financing to Maxwell Place, LLC. The new subordinated loan would allow Maxwell Place, LLC to complete the development of the project and allow it to construct homes. The sale of these homes would generate proceeds, which after paying off the construction debt, would be used to pay off the participated loan and then the subordinated loan. CCB's agreement to extend the additional financing to complete the project formed the consideration and the main reason for Triad's agreement to modify the participation pay-back arrangement and to enter into the subject transaction. However, CCB never provided the additional funding, breaching a material condition, and resulting in a failure of consideration for the modified participation agreement and Triad's agreement to stay in the subject loan. As a result of this breach, Triad is entitled to a declaration rescinding the modified participation agreement and to repayment under the participation on a First Out ("LIFO") basis as prayed for in Count I of its Amended Complaint. Alternatively, Triad is entitled to specific performance of CCB's promise as prayed for in Count III of its Amended Complaint. Alternatively, Triad is entitled to money damages for CCB's and FCB's breaches of the promise to extend the additional financing as prayed for in Count IV of the Amended Complaint. FCB's internal documents show that if the subordinate loan had been funded, "it would have result[ed] in possible recovery of the existing loan but a complete writeoff of the second infrastructure loan." (DEF 000756-58). By virtue of its succession to all rights and obligations of CCB, such liability extends to FCB.

Persons at Triad with knowledge of these facts are: Thomas C. Anstey, Asst. VP; Charles J. Wiegers, Sr. VP; and James V. Regna, President/CEO.

Persons from CCB/FCB presently known or believed to have such knowledge are: Fred Eller, Robert Haas and Peter Lindquist.

Documents pertaining to these matters are:

- Exhibits 1 and 2 to the First Amended Complaint.

- Triad_CCB 000328-324; 336-345; 382-91; 899-910; 1022-23; 1281-1325; 1264; 1265; 1266; 1267; 1268; 1269; 1270; 1271; 1272-73; 1274-75; 1276; 1277-80; 1281-1325; 1950-51; 1960-61; 2087-92; 2114-19; 2363-67; 2956-57; 2966-67; 3112-36; 3137-67; 3888-93.

- DEF 000256; 324; 327-354; 384; 589; 756-58; 763-774; 787-91; 798-800; 1016; 1017-18; 1021; 1022; 1064-65; 1721; 1759-60; 1880-84; 1885-89.

7

- MaxwellPlace00001-20 (Produced by Maxwell Place in response to a Subpoena, and copies provided herewith).

4. Please describe in detail the factual basis of your contentions in paragraph 16 of the First Amended Complaint including the identification of all persons with knowledge related to these contentions.

**RESPONSE: See Response to Interrogatory No. 3.**

5. Please describe in detail the factual basis of your contentions in paragraph 20 of the First Amended Complaint including the identification of all persons with knowledge related to these contentions.

**RESPONSE: See Response to Interrogatory No. 3.**

6. Please identify any and all persons that have any information concerning the Participations at issue in the present litigation.

**RESPONSE: See Response to Interrogatory No. 2.**

7. Please identify any and all communications between Triad and FCB concerning the Participations.

**RESPONSE: With its Initial Disclosures in this case, Triad produced its entire file relating to the participations at issue containing documents identified with Bates Labels Triad_CCB 000001 to 3902. Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be derived by examining those documents and the burden of deriving the answer to this interrogatory is the same for Triad as it would be for FCB.**

## RESPONSES TO REQUESTS FOR PRODUCTION

1. Please produce all Documents which Triad may offer as exhibits at trial in this matter.

**RESPONSE: Objection. At this point, Triad has not determined what documents it**

8

may offer as exhibits at the trial of this matter, and the Federal Rules do not contemplate discovery into such matters.

Without waiving this objection, Triad states as follows:

Triad may offer any document containing relevant information at the trial of this matter, including but not limited to the following:

The following documents may be offered as evidence at trial:

- Exhibits to the Amended Complaint herein;

- Any document produced by Triad and Bates labeled Triad_CCB 000001 to 3902;

- Any document produced by FCB and Bates labeled DEF 000001 to 1929;

- Any document marked as MaxwellPlace00001-20 (Produced by Maxwell Place in response to a Subpoena, and copies provided herewith); and

- Any document produced or discovered at some later point as may have relevance to the issues herein.

2. Please produce all Documents which were reviewed or consulted in any manner in the preparation of Triad's answers to this Defendant's first discovery request.

**RESPONSE:** With its Initial Disclosures in this case, Triad produced its entire file relating to the participations at issue containing documents identified with Bates Labels Triad_CCB 000001 to 3902. In responding to these discovery requests, Triad has relied on those documents and on the documents produced by FCB and Bates labeled DEF 000001 to 1929.

3. Please produce all correspondence or other documents reflecting or memorializing any communications between FCB and Triad regarding the Participations.

**RESPONSE:** With its Initial Disclosures in this case, Triad produced its entire file relating to the participations at issue containing documents identified with Bates Labels Triad_CCB 000001 to 3902.

4. Please produce all internal memoranda, inter-office correspondence, banking

9

relations memoranda, or similar internal communications of Triad regarding the Participations.

    **RESPONSE: With its Initial Disclosures in this case, Triad produced its entire file relating to the participations at issue containing documents identified with Bates Labels Triad_CCB 000001 to 3902.**

5. Please produce all correspondence or other documents reflecting or memorializing any communications between Triad and any borrower or promissee under any of the Promissory Notes or loan documents that form part of the subject matter of the Participations.

    **RESPONSE: With its Initial Disclosures in this case, Triad produced its entire file relating to the participations at issue containing documents identified with Bates Labels Triad_CCB 000001 to 3902.**

6. Please produce all internal communications, inter-office correspondence, banking relations, memoranda or similar documents of Triad concerning the loans or Promissory Notes that form part of the subject matter of the Participations.

    **RESPONSE: With its Initial Disclosures in this case, Triad produced its entire file relating to the participations at issue containing documents identified with Bates Labels Triad_CCB 000001 to 3902.**

7. Please produce all documents concerning or related to the "Subordinate Loan" or "Note 2" referenced in the Maxwell Participation Agreement, Exhibit 2 to the Complaint herein.

    **RESPONSE: With its Initial Disclosures in this case, Triad produced its entire file relating to the participations at issue containing documents identified with Bates Labels Triad_CCB 000001 to 3902.**

8. Please produce all documents that support your contentions in paragraph 15 of the First Amended Complaint.

    **RESPONSE: With its Initial Disclosures in this case, Triad produced its entire file relating to the participations at issue containing documents identified with Bates Labels Triad_CCB 000001 to 3902.**

    **Documents potentially responsive to this request, include:**

10

- Triad_CCB 000328-324; 336-345; 382-91; 899-910; 1022-23; 1281-1325; 1264; 1265; 1266; 1267; 1268; 1269; 1270; 1271; 1272-73; 1274-75; 1276; 1277-80; 1281-1325; 1950-51; 1960-61; 2087-92; 2114-19; 2363-67; 2956-57; 2966-67; 3112-36; 3137-67; 3888-93.

- DEF 000256; 324; 327-354; 384; 589; 756-58; 763-774; 787-91; 798-800; 1016; 1017-18; 1021; 1022; 1064-65; 1721; 1759-60; 1880-84; 1885-89.

- MaxwellPlace00001-20 (Produced by Maxwell Place in response to a Subpoena, and copies provided herewith).

9. Please produce all documents that support your contentions in paragraph 16 of the First Amended Complaint.

**RESPONSE**: See Response to Interrogatory No. 3 and Request to Produce No. 8.

10. Please produce all documents that support your contentions in paragraph 20 of the First Amended Complaint.

**RESPONSE**: See Response to Interrogatory No. 3 and Request to Produce No. 8.

11. Please produce all appraisals, valuations, or other documents reflecting any evaluation or determination of the value of Triad's interest in the Participations.

**RESPONSE**: With its Initial Disclosures in this case, Triad produced its entire file relating to the participations at issue containing documents identified with Bates Labels Triad_CCB 000001 to 3902.

## DECLARATION UNDER 28 U.S.C. §1746

Charles J. Wiegers states that he has read the foregoing **ANSWERS TO FIRST-CITIZENS BANK & TRUST COMPANY'S FIRST SET OF INTERROGATORIES**, and declares under penalty of perjury that the answers given are true and correct to the best of his knowledge, information, and belief.

Executed on this 10 day of February, 2012.

Charles J. Wiegers

By: _____
Joseph E. Martineau
LEWIS, RICE & FINGERSH, L.C.
600 Washington, Suite 2500
St. Louis, Missouri 63101
Telephone: 314/444-7729
Facsimile: 314/612-7729
E-mail: jmartineau@lewisrice.com

Geraldine A. Brimmer
HOLLAND & HART, LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, Colorado 80302
Telephone: 303/473-2733
Facsimile: 303/473-2720
E-mail: gbrimmer@hollandhart.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of February, 2012, a true copy hereof was served by United States Mail and e-mail to counsel of record as set forth below:

Perry L. Glantz
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: 303/376-8410
E-mail: pglantz@joneskeller.com

By: ___/s/ Joseph E. Martineau___