IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-1220-MSK-BNB

TRIAD BANK, a Missouri chartered bank,

        Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY,
A North Carolina chartered commercial bank,

        Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant First-Citizens Bank & Trust Company ("First-Citizens"), by and through the undersigned counsel, respectfully submits the following Reply in Support of Motion for Summary Judgment pursuant to F.R.C.P. 56 and states as follows:

1. Triad Bank attempts to introduce extrinsic evidence for the purpose of determining the intent of the parties to the Participation Agreements. However, Triad offers up no authority relevant to the facts at hand to justify such an introduction.

2. First-Citizens first contends that the language of the Participation Agreements is clear and unambiguous and no such extrinsic evidence is admissible.

3. Triad points to several cases whereby subsequent oral statements were found to have modified the original written agreement. However, none of these present a fact scenario whereby the original written agreement provided for all subsequent modifications to be made in writing, as do the Participation Agreements in this case. See Exhibit 1 as an example.

4. Additionally, the admission of extrinsic evidence is contrary to the intention of

Case No. 11-CV-1220-MSK-BNB

the Credit Agreement Statute of Frauds, C.R.S. § 38-10-124(2). "[N]o debtor or creditor may file or maintain an action or a claim relating to a credit agreement involving a principal amount in excess of twenty-five thousand dollars unless the credit agreement is in writing and is signed by the party against whom enforcement is sought." C.R.S. § 38-10-124 (2).

5. "Credit agreement" is defined to include "any amendment of, cancellation of, waiver of, or substitution for any or all of the terms or provisions of the credit agreements . . .; and [a]ny representations and warranties made or omissions in connection with the negotiation, execution, administration, or performance of, or collection of sums due under, any of the credit agreement." C.R.S. § 38-10-124(1).

6. The Affidavit of Thomas C. Anstey provided in support of Triad's Response, while containing statements of hearsay, is also in contradiction to the Credit Agreement Statute of Frauds.

## CONCLUSION

There are no genuine issues of material fact to be tried with respect to Count II of the Complaint. The Right Sky loans are in default. As a result, the language of paragraph 8 of the First and Second Right Sky Participation Agreements controls and the Court should enter declaratory judgment that the parties are entitled to payment on a pro rata basis in this regard.

Respectfully submitted, Friday, May 18, 2012.

    s/ Perry L. Glantz
Perry L. Glantz, Esq. and Nicole R. Strong, Esq.
JONES & KELLER, P.C.
**ATTORNEYS FOR FIRST-CITIZENS BANK & TRUST COMPANY**

2

Case No. 11-CV-1220-MSK-BNB

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the Friday, May 18, 2012, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system for filing and service on the following:

Geraldine A. Brimmer
Holland & Hart, LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302

Joseph E. Martineau
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2600
St. Louis, Missouri 63101

    s/ Perry L. Glantz