# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil No. 11-cv-01220-MSK-BNB

TRIAD BANK,
A Missouri chartered bank

      Plaintiff,

vs.

FIRST-CITIZENS BANK & TRUST COMPANY,
a North Carolina chartered commercial bank,

      Defendant.

## <u>MOTION FOR LEAVE TO AMEND COMPLAINT</u>

Plaintiff Triad Bank ("Triad") moves pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file its Second Amended Complaint attached hereto as Exhibit A, and states:

1.    This action was filed on May 6, 2011, seeking declaratory relief regarding the respective rights of Triad and then-defendant Colorado Capital Bank ("CCB") under various loan participation agreements, specifically a determination whether Triad was to be reimbursed on a pro rata or LIFO basis. (Doc. 1). The participations at issue involved two loans, one for a real estate development called Right Sky and the other called Maxwell Place.

2.    After this action was filed, the original defendant, CCB was closed by the Colorado Division of Banking, which appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. Immediately thereafter, First-Citizens Bank & Trust Company ("FCB"), pursuant to an Purchase and Assumption Agreement, acquired most of the assets and assumed most of the liabilities of CCB, including the loans and participation agreements that are the

subject of this litigation.  On August 30, 2011, this Court entered its Order substituting Citizens as defendant in this action.  (Doc. 22).

3.      On September 15, 2011, after leave of Court, Triad filed its First Amended Complaint adding two additional counts, which were based upon the same transactions and the same facts as set forth in the original Complaint, but which asserted a cause of action for specific performance (Count III) or alternatively for money damages for breach of contract (Count IV) based on CCB's/FCB's breach of an agreement to fund a subordinate loan which would have allowed for completion of the Maxwell Place real estate development.  (Doc. 28).

4.      On March 19, 2012, FCB filed a motion for summary judgment as to Count II of the First Amended Complaint seeking a determination that because the borrower on the underlying loan (the Right Sky loan) had defaulted, the obligation to reimburse Triad was converted from a LIFO to a pro rata arrangement.  (Doc. 36).

5.      On March 25, 2013, this Court granted FCB's motion for summary judgment and held that because the loan underlying the participation agreement forming the subject matter of Count II had gone into default, reimbursement to Triad would be on a pro rata and not a LIFO basis.  (Doc. 43).  Essentially, the Court agreed with FCB that proper interpretation of the participation agreement was that a default rendered the LIFO reimbursement provision ineffective.

6.      Pursuant to a Scheduling Order issued on July 27, 2011, any motion to amend the pleadings was to be filed by September 1, 2011.  Triad's motion herein is not timely under that Order, but for reasons explained more fully below is not the product of unreasonable delay, but results from circumstances and disputes arising after the date for amendment.

7.      First, after the date for amendment of the pleadings and since the filing of FCB's motion for summary judgment, the loan underlying the Maxwell Place participation and forming the subject matter of Count I also went into default and FCB foreclosed upon, and recently sold, real estate serving as collateral for that loan.  As that participation agreement uses language identical to that in Count II on which this Court recently entered summary judgment, this Court has effectively resolved the issue for which a declaration was sought in that Count *i.e.* whther repayment to Triad is on a LIFO or pro rata basis.  Accordingly, in its Second Amended Complaint, attached hereto, Triad seeks to eliminate that Count I.

8.      Second, due to Maxwell Place's default and the resulting foreclosure and sale of the Maxwell Place collateral, Count III seeking specific performance of FCB's/CCB's agreement to fund the subordinate loan allowing completion of the real estate development has become moot.  Accordingly, in its Second Amended Complaint attached hereto, Triad seeks to drop that Count.

9.      In the Second Amended Complaint attached hereto, the existing breach of contract claim asserted in Count IV of the First Amended Complaint based on FCB's/CCB's breach of agreement to fund a subordinated loan for Maxwell Place will survive and become Count I.  This new Count I does not materially alter the claims asserted in the existing First Amended Complaint.

10.     Third, after the date for amendment of the pleadings and shortly before the filing of FCB's motion for summary judgment, a further dispute developed between the parties related to the participation agreements at issue.  Under a Loss Share Agreement attendant to the Purchase and Assumption Agreement wherein FCB assumed the assets and liabilities of CCB, the FDIC agreed to reimburse 80% of the losses incurred based on the book value of the assumed

loans. In its March 25, 2013 summary judgment ruling (Doc. 43 at 7), this Court determined that upon default, paragraph 8 of the subject participation agreements becomes the applicable provision for determination of Triad's right to reimbursement. Under that paragraph 8, Triad is entitled to its pro rata share of any payment related to the loans "from any source whatever." Triad has claimed that by virtue of this language, it is entitled to its participatory portion of the loss share recovery obtained by FCB, but FCB has rejected that claim and refused to share any portion of that loss share recovery with Triad.

11.     Accordingly, in order to fully resolve the disputes that exist among the parties, Triad seeks to add a new Count II in its proposed Second Amended Complaint. This Count II seeks a declaration that Triad is entitled to receive its pro rata share of funds received by FCB under the loss share agreement based on the language in the participation agreement that Triad is entitled to its pro rata share of any payment related to the loans "from any source whatever."

12.     Granting leave to file the Second Amended Complaint will not unduly delay these proceedings. Count I is essentially the same as Count IV in the First Amended Complaint. Though Count II raises a new issue, the issue raised is a straightforward issue of contractual interpretation related to the participation agreements at issue in this litigation and requires no additional discovery.

13.     If amendment is not allowed, Triad would be required to file a new and second action against FCB to resolve that dispute. Judicial efficiency would be best served by resolving all of the disputes remaining between the parties in a single action, rather than multiple actions. FCB will not be prejudiced if leave is granted.

14.     This motion for leave is filed in the interest of justice, in order that Triad is afforded full and complete relief, and not for the purpose of vexation or delay.

15.     Fed.R.Civ.P. 15(a)(2) provides: "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires."  In this case, justice requires that leave be granted.

16.     Pursuant to D.C.COLO.L.Civ.R. 7.1A, counsel for Triad has conferred with opposing counsel, Stuart Bennett,[1] regarding this motion.  He has stated that he has no objection to Count I of the proposed Second Amended Complaint (which essentially is a renumbering of Count IV of the prior Complaint), but objects to the filing of Count II related to the "from any source whatever" issue.

**WHEREFORE**, plaintiff Triad Bank respectfully moves that this Court grant it leave to file its Second Amended Complaint and for such other relief as this Court may deem just and proper in the premises.

Respectfully submitted,

By: s/  Joseph E. Martineau
        Joseph E. Martineau
        LEWIS, RICE & FINGERSH, L.C.
        600 Washington, Suite 2500
        St. Louis, Missouri  63101
        Telephone:  314/444-7729
        Facsimile:  314/612-7729
        E-mail: jmartineau@lewisrice.com

        Geraldine A. Brimmer
        HOLLAND & HART, LLP
        One Boulder Plaza
        1800 Broadway, Suite 300
        Boulder, Colorado  80302
        Telephone: 303/473-2733
        Facsimile: 303/473-2720
        E-mail: gbrimmer@hollandhart.com

        ATTORNEYS FOR PLAINTIFF
        TRIAD BANK

---

[1] Triad is advised that Perry Glantz and Nicole Strong, who formerly represented FCB, have left the Jones & Keller, P.C. firm and that Mr. Bennett is taking over responsibility for the litigation.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document was served via the Court's electronic filing system, this 23rd day of April 2013, on:

Stuart N. Bennett
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: 303/376-8410
E-mail:     sbennett@joneskeller.com

By:     /s/ Joseph E. Martineau