## LEWISRICE
## FINGERSH
Attorneys at Law

Joseph E. Martineau
jmartineau@lewisrice.com
314.444.7729 *(direct)*
314.612.7729 *(fax)*

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101
www.lewisrice.com

February 22, 2012

VIA E-MAIL: pglantz@joneskeller.com
AND U.S. MAIL

Perry L. Glantz
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, Colorado 80202

Re:   **Triad Bank v. First-Citizens Bank & Trust Company**

Dear Perry:

As you know, Triad Bank had presented proposals for resolving this litigation, first, directly to your client, and then to you, through Gerry Brimmer, for transmission to your client. There has been no response or counterproposal.

Recently, Triad Bank was advised by your client that it had received an offer to purchase the Right Sky property which secures the loan in which Triad Bank participates. Your client requested that Triad agree to accept a pro-rata distribution from the sale of the Right Sky property. Given its belief that the documents and relationship among the parties should be construed to require a LIFO distribution, Triad will not agree to a pro-rata distribution, but in an effort to resolve the Right Sky aspect of the current litigation, Triad has offered to ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. A copy of its letter to your client in that regard is enclosed. ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Before both sides incur substantial expense in dispositive motion practice and trial preparation, it seems advisable that the parties earnestly explore settlement and that if total settlement cannot be reached, at least parts of the case be resolved. Your client, of course, through a shared loss agreement is in a position to recover up to 80% of any losses incurred on the loan portfolio purchased through the FDIC, and that would include the Right Sky and Maxwell Place loans at issue in this litigation. In this regard, even if the Participation Agreements are interpreted to require pro-rata distribution of proceeds under Section 8 thereof, that section is clear in providing that if your client receives "any" payment after a default on the loan "from any source whenever," it must be shared with Triad. Accordingly, your client will be required to share with Triad not only proceeds from any disposition of the Right Sky and Maxwell Place collateral, but also an allocable portion of any recovery through the shared loss agreement. Rather than continuing the parties' current dispute over pro-rata/LIFO distribution

Established 1909

1814911.1

**Exhibit B**

# LEWIS RICE
## FINGERSH

Perry L. Glantz
February 22, 2012
Page 2

and risking future claims for recoveries received under the shared loss agreement, ~~[redacted]~~
~~[redacted]~~.

Please consider these points in communications with your client.

Very truly yours,

Joseph E. Martineau

JEM/rea
Enclosure
cc:   Geraldine A. Brimmer
      James V. Regna
      Charles J. Wiegers

**Exhibit B**