IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 11-cv-01220-MSK-BNB

TRIAD BANK,
A Missouri chartered bank

    Plaintiff,

vs.

FIRST-CITIZENS BANK & TRUST COMPANY,
a North Carolina chartered commercial bank,

    Defendant.

## JOINT STATUS REPORT

Pursuant to the Court's *sua sponte* Order of May 15, 2013 (Doc. 49), the parties report as follows:

1.    <u>Nature of the Dispute Between the Parties</u>. This action was filed on May 6, 2011, seeking declaratory relief regarding the respective rights of plaintiff Triad Bank ("Triad") and then-defendant Colorado Capital Bank ("CCB") under various loan participation agreements, specifically a determination whether Triad was to be reimbursed on a pro rata or LIFO (Last In, First Out") basis. The participations at issue involved two loans, one for a real estate development called Right Sky and the other called Maxwell Place.

After the action was filed, the original defendant, CCB failed and the FDIC was appointed receiver. First-Citizens Bank & Trust Company ("FCB") acquired most of the assets and assumed most of the liabilities of CCB, including the loans and participation agreements at

1911032.2

issue herein. On August 30, 2011, the Court entered an Order substituting FCB as defendant in this action. (Doc. 22).

In its first amended pleading (Doc. 28), Triad sought the following relief:

- Count I -- declaratory judgment that Triad was to be repaid on a LIFO basis on the Maxwell Place Participation Agreement;

- Count II -- declaratory judgment that Triad was to be paid on a LIFO basis on the Right Sky Participation Agreements;

- Count III -- specific performance of CCB's and, by virtue of the Agreement with the FDIC, FCB's alleged commitment to fund a subordinate loan to the borrower under the Maxwell Place Participation Agreement;

- Count IV -- as an alternative to Count III, money damages for breach of contract for failure to fund the subordinated loan under the Maxwell Place Participation Agreement.

2. <u>Current Status of the Proceedings</u>: Pursuant to the July 27, 2011 Scheduling Order (Doc. 17), amendments to the pleadings were to be filed by September 1, 2011; discovery closed on January 13, 2012, and dispositive motions were to be filed by February 17, 2012.

On March 25th, Honorable Marsha S. Krieger, District Judge, entered an Order on FCB's motion for partial summary judgment holding that the Right Sky Participation Agreement was not ambiguous and that because the borrower on the underlying loan had defaulted, FCB's obligation to reimburse Triad was converted from a LIFO to a pro rata arrangement. (Doc. 43).

On April 23, 2013, Triad filed its motion for leave to amend complaint and attached proposed Second Amended Complaint, which seeks leave (i) to drop Count I for declaratory judgment that Triad's right to repayment under the similar Maxwell Place Participation

2

Agreement was to be on a LIFO, not pro rata, basis; (ii) to drop the Maxwell Place participation agreement specific performance count based on the fact that the real estate collateral had been foreclosed upon and sold, making specific performance moot; (iii) to add a new count seeking an accounting and declaratory judgment based upon FCB's failure and refusal to allocate any portion of shared loss recoveries related to the Maxwell Place and Right Sky participations under a Shared Loss Agreement attendant to FCB's purchase of CCB. (Doc. 44). FCB recently filed its opposition in which it objects to the new count, but not the other relief requested. (Doc. 48).

3.  Pending Motions. The only pending motion is Triad's motion for leave to file amended complaint filed on April 23, 2013 (Doc. 44), to which FCB has objected (Doc. 48) and to which a reply in support is due on May 28, 2013. In the Order granting partial summary judgment on Count II, Judge Krieger directed the parties to confer as to a Proposed Pretrial Order and contact chambers to set a Pretrial Conference, which the parties have yet to do because of the pending motion seeking leave to amend.

4.  Prospects for Settlement. Triad is open to discussing settlement that would provide it with a pro rata return under the Participation Agreements and some share in FCB's loss share recoveries. FCB's position is that it too is open to discussing settlement but that Triad's claim to benefits of the loss-share provisions of FCB's Purchase and Assumption Agreement with the FDIC is a major impediment to any settlement.

3

Respectfully submitted,

LEWIS, RICE & FINGERSH, L.C.

By: s/ Joseph E. Martineau
    Joseph E. Martineau
    600 Washington, Suite 2500
    St. Louis, Missouri 63101
    Telephone: 314/444-7729
    Facsimile: 314/612-7729
    E-mail: jmartineau@lewisrice.com

Geraldine A. Brimmer
HOLLAND & HART, LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, Colorado 80302
Telephone: 303/473-2733
Facsimile: 303/473-2720
E-mail: gbrimmer@hollandhart.com

JONES & KELLER, P.C.

By: s/ Stuart N. Bennett (with consent)
    Stuart N. Bennett
    1999 Broadway, Suite 3150
    Denver Colorado 80202
    Telephone: 303/573-1600
    Facsimile: 303/573-8133
    E-mail: sbennett@joneskeller.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above and foregoing document was served via the Court's electronic filing system, this 24th day of May 2013, on:

Stuart N. Bennett
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: 303/376-8410
E-mail:    sbennett@joneskeller.com

By: /s/ Joseph E. Martineau

4