IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01220-RM-BNB

TRIAD BANK, a Missouri chartered bank,

Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina chartered commercial bank,

Defendant.

_____

## ORDER

_____

This matter arises on the plaintiff's **Motion for Leave to Amend Complaint** [Doc. # 44,

filed 4/23/2013] (the "Motion to Amend"), which is GRANTED.

The plaintiff seeks leave to file its proposed Second Amended Complaint [Doc. # 44-1].

The defendant resists amendment, arguing (1) "jurisdiction over the declaratory relief claim is

doubtful"; (2) "undue delay in bringing the [Motion to Amend], as well as the lack of good cause

for the untimely amendment of the complaint, demands denial of the [Motion to Amend]"; (3)

futility of the proposed amendment; and (4) undue prejudice if the amendment is allowed.

### A.  Good Cause and Undue Delay

The Motion to Amend was filed after the deadline established in the scheduling order to

join parties and amend pleadings.  Under these facts, the plaintiff must first demonstrate good

cause for seeking modification of the scheduling deadline under Rule 16(b).  Colorado Visionary

Academy v.  Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000).  Good cause in this context

means that the scheduling deadline could not be met despite a party's diligent efforts.  Id.  The

changed circumstances described in paragraphs 7 through 11 of the Motion to Amend [Doc. #

44] establish good cause for allowing the amendment after the deadline previously established,

and I find no undue delay on the plaintiff's part in seeking leave to amend.

## B.  Futility

The defendant makes three futility arguments: (1) that jurisdiction over the declaratory

relief claim is "doubtful," Response [Doc. # 48] at pp. 4-5; (2) that the "Shared Loss Agreement

does not provide for 'payments' under the Loan Participation Agreements," id. at pp.8-9; and (3)

that the plaintiff is not a third party beneficiary of the Shared Loss Agreement.  Id. at pp. 10-11.

As the court noted in General Steel Domestic Sales, LLC. v. Steelwise, LLC, 2008 WL 2520423

at *4 (D. Colo. June 20, 2008), an argument that a proposed amendment is futile "seems to place

the cart before the horse.  Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition

brief, the defendants may be better served by waiting to assert Rule 12 motions until the

operative complaint is in place."

On the record now before me, I cannot say conclusively and as a matter of law that the

proposed amendments are futile.

## C.  Undue Prejudice

Finally, the defendant argues that it will suffer undue prejudice if the amendment is

allowed.  In particular, the defendant claims that it "has several affirmative defenses to Plaintiff's

proposed declaratory relief claim" about which it "has not had the opportunity to conduct

discovery."  Response [Doc. # 48] at p. 11.  And the defendant opposes the easy remedy to that

prejudice--reopening discovery--by arguing that it would "also be unduly prejudiced if the Court

. . . reopens discovery" because "[i]t will be an expensive process to demonstrate that Plaintiff

cannot prevail, as a matter of law or fact, on its untimely amendment." Id. at p. 12.  I do not

agree that the cost of preparing its defense constitutes undue prejudice to the defendant.

       IT IS ORDERED:

       (1)     The Motion to Amend [Doc. # 44] is GRANTED;

       (2)     The Clerk of the Court is directed to accept for filing the Second Amended

Complaint [Doc. # 44-1]; and

       (3)     A status conference is set for December 10, 2013, at 9:30 a.m., in Courtroom 401,

4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, to

schedule any remaining pretrial proceedings.

       Dated November 4, 2013.

                              BY THE COURT:

                             s/ Boyd N. Boland
                             United States Magistrate Judge