IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 11-cv-01220-RM-BNB

TRIAD BANK, A Missouri chartered bank

    Plaintiff,

vs.

FIRST-CITIZENS BANK & TRUST COMPANY,
a North Carolina chartered commercial bank,

    Defendant.

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS

In its Reply in Support of Motion to Dismiss ("Reply") (Doc. 69), defendant First-Citizens Bank & Trust Company ("FCB") advances some new arguments and presents by way of an affidavit some additional facts. This Court has granted leave for plaintiff Triad Bank ("Triad") to file this short Sur-Reply limited to those matters. Triad will avoid repeating arguments previously presented in its Response in Opposition to Defendant's Motion to Dismiss ("Response") (Doc. 68).

In Count II of its Second Amended Complaint Triad seeks a declaration that it is entitled to receive a pro rata share of funds received by FCB under a Shared-Loss Agreement with the FDIC in accordance with provisions in the Participation Agreements. Paragraph 8 in those Participation Agreements provides that Triad is entitled to its pro rata share of any payment related to the loans "from any source whatever."

In its Reply, FCB argues that payments it receives under the Shared Loss Agreement are not payments related to the loans because those payments relate only to the non-participated

1971595.2

portion of the loans. (Reply at 2). But, the participation agreements are clear. Triad is entitled to its pro-rata share if "[FCB] receives a payment after default of the loans … from any source whatever." Nothing in the Participation Agreements suggests that FCB can segregate payments among participated and non-participated portions of the loans. The fact is FCB has or will receive a payment after default of the loans from a source.

FCB next argues that the Shared-Loss payments cannot be deemed payments under the Participation Agreements because the borrower is not relieved of liability by virtue thereof. (Reply at 2). In support of this contention, FCB claims that for Triad to be entitled to monies FCB receives related to the loans, the monies must be considered "payments on the loans."

The phrase "payment on the loans" is not even used in the paragraph of the Participation Agreements which this Court has already decided is applicable. (Order Granting Summary Judgment) (Doc. 43). It is used in paragraph 3 and Exhibit A of the Participation Agreement, which the Court has ruled is inapplicable. Because the underlying loans are each in default, "paragraph 8 is triggered [and] paragraph 3 no longer controls." (*Id.* at 7). Under paragraph 8, after taking into account any costs and expenses, Triad, as participant, is entitled to "its pro rata share" if "[FCB] receives a payment after default of the loans … from any source whatever." The payment from the FDIC is a payment from "any source whatever."

For this reason, it makes no difference that the borrower is not relieved of liability for Shared-Loss payments. In fact, nothing in the Participation Agreements requires relief to the borrower. For instance, Triad is entitled to its pro rata share of any realization from collateral, even though such realization might not relieve the borrower and even though it is not a "payment on the loan."

Though not a common occurrence, the possibility exists that post-foreclosure realization on security for a loan could exceed the amount bid by the bank at foreclosure, and such

2

appreciated realization would not relieve the borrower of its deficiency. For example, assume the loan balance was $100.00 when the borrower defaulted, and assume FCB foreclosed on the real estate securing the loan, purchasing same for its then reduced fair market value of $50.00. This would leave a $50.00 deficiency owed by the borrower. Further, assume that FCB is later able to sell the real estate for an appreciated amount of $75.00. In such a case, Triad should still be entitled to its pro rata share of the $75.00, even though the $25.00 excess amount realized on the sale would not relieve the borrower of its deficiency.

The situation is no different here. Nothing in the Participation Agreements requires that the borrower be relieved of liability in order for the participant, Triad, to be entitled to its pro rata share of payments "from any source whatever."

Regarding FCB's FIRREA jurisdictional bar argument, FCB's Reply does not respond to any of the points addressed in Triad's Response on the "any source whatever" claim in Count II. It does, however, raise some points regarding Triad's "failure to fund" claim in Count I.

Based on an affidavit and attachments, FCB argues that it did not assume the commitment to fund because at the time of the Purchase and Assumption Agreement, CCB already had refused to fund. However, there is no evidence that the borrower agreed to the non-funding and no showing that the borrower was in breach when funding was refused. In fact, correspondence from the borrower refutes any claim that the borrower had agreed to relieve CCB from its commitment to fund (*see* Exhibit 1), and Triad certainly did not agree.

Finally, FCB's standing argument is also mistaken. The subordinated loan was specifically recited in the Maxwell Place Participation Agreements, which provided "The Loan sold hereunder is superior to a loan made or to be made by the Seller to the Borrower in the original principal amount of $1,245,000....." (Second Am. Cmplt. Ex. 2). Moreover, the subordinated loan was specifically alleged in the Second Amended Complaint as the

3

consideration for Triad's renewing the loans and its participation in them with a new borrower. (Second Am. Cmplt. ¶15 and Ex. 2).

                        Respectfully submitted,

                        By: s/ Joseph E. Martineau
                            Joseph E. Martineau
                            LEWIS, RICE & FINGERSH, L.C.
                            600 Washington, Suite 2500
                            St. Louis, Missouri  63101
                            Telephone:  314/444-7729
                            Facsimile:  314/612-7729
                            E-mail: jmartineau@lewisrice.com

                            Geraldine A. Brimmer
                            HOLLAND & HART, LLP
                            One Boulder Plaza
                            1800 Broadway, Suite 300
                            Boulder, Colorado  80302
                            Telephone: 303/473-2733
                            Facsimile: 303/473-2720
                            E-mail: gbrimmer@hollandhart.com

                        ATTORNEYS FOR PLAINTIFF
                        TRIAD BANK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document was served via the Court's electronic filing system, this 28th day of February 2014, on:

Stuart N. Bennett
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: 303/376-8410
E-mail: sbennett@joneskeller.com

By: /s/ Joseph E. Martineau