IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-1220-MSK-BNB

TRIAD BANK, a Missouri chartered bank,

        Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY, A North Carolina chartered commercial bank,

        Defendant.

## DEFENDANT'S OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [Doc. #73]

Defendant First-Citizens Bank & Trust Company ("First-Citizens" or "Defendant"), by and through undersigned counsel and pursuant to F.R.C.P. 72(b)(2), respectfully submits the following objections to the Recommendation of United States Magistrate Judge [Doc. #73] ("Recommendation"):

### I. SUMMARY

The Recommendation reaches the correct result by recommending that the Court grant First-Citizens' Motion to Dismiss Second Amended Complaint[1] [Doc. #65] ("Motion to Dismiss"), which First-Citizens hereby incorporates by reference. The Recommendation correctly determines that the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821 *et seq.*, bars this Court's jurisdiction over the two claims asserted in the Second Amended Complaint because of Plaintiff Triad Bank's failure to exhaust its administrative remedies.

---

[1] This pleading refers to certain capitalized terms which are defined in the Motion to Dismiss.

However, the Recommendation does not address the alternative grounds raised in First-Citizens' Motion to Dismiss that the second claim for declaratory relief should be dismissed for failure to state a claim upon which relief can be granted.  First-Citizens raises these objections and request that the Court rule on the failure-to-state-a-claim portion of the motion to dismiss in the interest of creating a more complete record should any party appeal the Court's ultimate determination of the Motion to Dismiss.

Specifically, the Recommendation is silent as to First-Citizens' argument, advanced in its Motion to Dismiss and Reply in support of same [Doc. #69] ("Reply," which Defendant hereby incorporates by reference), that Plaintiff's declaratory judgment claim—in addition to being barred due to Plaintiff's failure to exercise its administrative remedies under FIRREA—should be dismissed for the independent reason that it fails to state a claim upon which relief can granted.

As First-Citizens must object to preserve its appellate rights, and in the interest of fully and efficiently adjudicating this matter here rather than face the possibility of a piecemeal appeal process, First-Citizens hereby objects to the Recommendation solely for the purposes of seeking the Court's rulings on the alternative grounds to dismiss the second claim for failure to state a claim.

## II.   BACKGROUND

The Second Amended Complaint [Doc. #57], alleged a claim for breach of contract (first claim) and a claim for declaratory relief (second claim).  The Motion to Dismiss demonstrates that Plaintiff's failure to exhaust administrative remedies under FIRREA deprived this Court of jurisdiction over both claims.

The Motion to Dismiss furthermore set forth two reasons why Plaintiff's declaratory

judgment claim failed to state a claim upon which relief could be granted.  Two reasons compel this conclusion:

> (1) The Federal Deposit Insurance Corporation ("FDIC") only provides loss share reimbursements incurred on First-Citizens' owned portions of the loans it purchased, and there have been neither reimbursements nor "payments" to First-Citizens on the portions of the loans that Plaintiff owns; and
>
> (2) Plaintiff is not a third party beneficiary of the Shared Loss Agreement, but its Declaratory Judgment claim asserts third party beneficiary rights.

*See* Motion to Dismiss at 9-12.

Plaintiff responded in opposition to the Motion to Dismiss.  [Doc. #68].  Defendant replied in support of the Motion to Dismiss [Doc. #69].  The Reply clarified Plaintiff's misunderstandings with respect to the relevant contracts and expounded upon Defendant's argument that Plaintiff's declaratory relief claim should be dismissed for failure to state a claim.  Plaintiff sought and obtained leave to file a sur-reply.  [Doc. #71, 72].

The Recommendation agrees with First-Citizens' argument that the Court lacks jurisdiction over both of Plaintiff's claims due to Plaintiff's failure to exhaust administrative remedies under FIRREA.  *See* Recommendation at 7-10.  As such, the Recommendation recommends that the Motion to Dismiss be granted.  *Id.* at 10.  However, the Recommendation does not address Defendant's alternative argument that the declaratory relief claim fails to state a cognizable claim for relief.  *See id., generally.*

### III.  APPLICABLE LAW

Rule 72 governs the District Judge's review of objections to the recommendations of a United Stated Magistrate Judge:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

3

F.R.C.P. 72(b)(3).

A party must object to the recommendation of a United States Magistrate Judge to preserve an issue for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## IV.   ARGUMENT

The Recommendation is correct insofar as it determines that the Court lacks jurisdiction over this matter due to Plaintiff's failure to exhaust administrative remedies under FIRREA and recommends that the Motion to Dismiss should therefore be granted. However, it appears prudent—in an abundance of caution—for First-Citizens to nevertheless object to the Recommendation because it is silent on the issue of whether Plaintiff's declaratory judgment count states a claim for relief. In this way, should any party appeal the Court's determination of the Motion to Dismiss, that appeal will have the benefit of a full and complete adjudication of all of First-Citizens' arguments and First-Citizens will not have waived any appellate rights. Any appeal will thus be able to determine the issues relating to jurisdiction and whether the second claim states a claim for relief if the appellate court is satisfied there is jurisdiction over the claim.

**A.   Plaintiff's declaratory judgment count fails to state a claim because the Shared Loss Agreement does not reimburse losses with respect to the portions of the loans owned by Plaintiff**.

The Motion to Dismiss demonstrated that any credits that First-Citizens may receive from the FDIC pursuant to the Shared Loss Agreement between those two parties do not constitute "payments" under the Participation Agreements between First-Citizens and Plaintiff. Motion to Dismiss at 9-11. Rather, any credits that First-Citizens receives from the FDIC pursuant to the Shared Loss Agreement simply serve to adjust the ultimate purchase price that First-Citizens pays to the FDIC for the assets that First-Citizens purchased. *Id.* The assets that First-Citizens

4

purchased do not include the participated portions of the loans owned by Plaintiff. Reply at 1-2. Plaintiff's declaratory judgment count fails to state a claim for relief because there are neither "payments" under the Participation Agreements between First-Citizens and Plaintiff, nor has First-Citizens received any credits from the FDIC with respect to assets that Plaintiff owns. Motion to Dismiss at 9-11; *see also* Reply at 1-2.

> **B.   Plaintiff's declaratory judgment count fails to state a claim because Plaintiff is not a third party beneficiary of the Shared Loss Agreement, but its declaratory judgment claim asserts third party beneficiary rights.**

Plaintiff cannot argue that the provisions of the Shared Loss Agreement should be interpreted differently, because Plaintiff is not an intended third party beneficiary of the Purchase and Assumption Agreement of which the Shared Loss Agreement is a part, and therefore lacks standing to enforce its interpretation of that Agreement. *See* Motion to Dismiss at 11-12. As such, Plaintiff cannot assert its declaratory judgment count, and it fails to state a claim for relief.

## V.   CONCLUSION

Although the Recommendation reaches the correct conclusion regarding the Motion to Dismiss, it is unknown whether any party will appeal the Court's ultimate resolution of that motion. If First-Citizens' arguments that Plaintiff's declaratory judgment count fails to state a claim are dealt with now, any subsequent appeal with be able to consider all issues concerning the Court's jurisdiction and whether the second claim states a claim for relief. Considering all issues on appeal with conserve the parties' and Court's resources. Moreover, the Court should grant the Motion to Dismiss with respect to Plaintiff's declaratory judgment count not only because the Court lacks jurisdiction over that claim, but on the alternative basis that it fails to state a claim. Pursuant to F.R.C.P. 72(b)(3), the Court may alternatively return this matter to the United States Magistrate Judge—who has already demonstrated thoughtful mastery of the facts

5

and law relevant to this dispute more generally—with instructions to make further findings and recommendations concerning First-Citizens' arguments that the second claim for declaratory judgment fails to state a claim upon which relief can be granted.

Respectfully submitted September 3, 2014

>
> s/ Stuart N. Bennett
> Stuart N. Bennett, Esq.
> Aaron D. Goldhamer, Esq.
> JONES & KELLER, P.C.
> 1999 Broadway, Suite 3150
> Denver, Colorado 80202
> 303.573.1600
> sbennett@joneskeller.com
> agoldhamer@joneskeller.com
> **ATTORNEYS FOR FIRST-CITIZENS BANK & TRUST COMPANY**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the Wednesday, September 03, 2014, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system at the following address:


Geraldine A. Brimmer
Holland & Hart, LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302

Joseph E. Martineau
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2600
St. Louis, Missouri 63101

                                                                              s/ Tammy Harris