IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-1220-RM-BNB

TRIAD BANK, a Missouri chartered bank,

        Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY, A North Carolina chartered commercial bank,

        Defendant.

**DEFENDANT'S RESPONSES TO PLAINTIFF'S OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [Docs. #73, 74]**

Defendant First-Citizens Bank & Trust Company ("First-Citizens" or "Defendant"), by and through undersigned counsel and pursuant to F.R.C.P. 72(b)(2), respectfully submits the following response to Plaintiff's Objections [Doc. # 74] ("Objections") to the Recommendation of United States Magistrate Judge [Doc. #73] ("Recommendation"):

### I. SUMMARY

The Objections take issue with the Recommendation's conclusion that the Court should grant First-Citizens' Motion to Dismiss Second Amended Complaint[1] [Doc. #65] ("Motion to Dismiss"), which First-Citizens hereby incorporates by reference. The Objections do nothing to change the correctness of the Recommendation's determination that the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821 *et seq.*, bars this Court's jurisdiction over the two claims asserted in the Second Amended Complaint because of Plaintiff Triad Bank's failure to exhaust its administrative remedies.

---

[1] This pleading refers to certain capitalized terms which are defined in the Motion to Dismiss.

The Recommendation does not address the alternative grounds raised in First-Citizens' Motion to Dismiss and Reply in support of same [Doc. #69] ("Reply," which Defendant hereby incorporates by reference), that Plaintiff's declaratory judgment claim—in addition to being barred due to Plaintiff's failure to exercise its administrative remedies under FIRREA—should be dismissed for the independent reason that it fails to state a claim upon which relief can granted.[2]

The Objections falsely assert that Plaintiff's first claim for breach of contract "was not something that could have been claimed or remedied through FIRREA's administrative process." Objections at 1. Plaintiff asserts that it could not have asserted a claim for a breach that had not yet occurred. Objections at 4, n.1. Plaintiff could have brought its first claim through the administrative process, because Plaintiff <u>had actually brought</u> suit on its first count against Colorado Capital Bank ("Failed Bank" or "CCB") prior to that bank's failure and placement in receivership. FIRREA jurisprudence demands that this claim had to be subjected to the administrative processes contemplated by FIRREA if it was to survive against Defendant, as the purchaser of certain of the Failed Bank's assets. Plaintiff's failure to do so demands dismissal of the first claim.

The Objections also incorrectly assert that Plaintiff's second claim for declaratory relief was not subject to FIRREA's administrative process. However, Plaintiff's second claim focuses on the Federal Deposit Insurance Corporation's ("FDIC") acts under the Shared Loss Agreement

---

[2] In its own objections to the Recommendation [Doc. # 75], First-Citizens requested that the Court rule on the failure-to-state-a-claim portion of the motion to dismiss in the interest of creating a more complete record should any party appeal the Court's ultimate determination of the Motion to Dismiss. Plaintiff's Objections only briefly mention Defendant's arguments with respect to the declaratory judgment count's failure to state a claim. Objections at 7 n. 3. To the extent a response to that aspect of the Objections is required, Defendant refers to its Motion to Dismiss, the Reply, and its own objections, which First-Citizens hereby incorporates by reference. [Docs. # 65, 69, 75].

that the FDIC entered into with Defendant during the FDIC's receivership of the failed bank. As such, the second claim is plainly a "claim relating to any act" of the FDIC "as receiver." 12 U.S.C. § 1821(d)(13)(D). There is absolutely no reason why Plaintiff could not have presented its second claim in the FIRREA administrative process as soon as the Shared Loss Agreement was executed. Plaintiff's failure to do so bars the second claim here.

As such, the Objections do not change the propriety of the Recommendation's suggested resolution of the Motion to Dismiss. The Motion to Dismiss should be granted for the reasons set forth in the Recommendation, and Plaintiff's second claim for relief should likewise be dismissed for its failure to state a claim for the reasons set forth in the Motion to Dismiss, the Reply, and Defendant's own objections to the Recommendation. [Docs. # 65, 69, 75].

## II. BACKGROUND

The Second Amended Complaint [Doc. #57], alleged a claim for breach of contract (first claim) and a claim for declaratory relief (second claim). The Motion to Dismiss demonstrates that Plaintiff's failure to exhaust administrative remedies under FIRREA deprived this Court of jurisdiction over both claims.

The Motion to Dismiss furthermore set forth two reasons why Plaintiff's declaratory judgment claim failed to state a claim upon which relief could be granted. Two reasons compel this conclusion:

> (1) The Federal Deposit Insurance Corporation ("FDIC") only provides loss share reimbursements incurred on First-Citizens' owned portions of the loans it purchased, and there have been neither reimbursements nor "payments" to First-Citizens on the portions of the loans that Plaintiff owns; and
>
> (2) Plaintiff is not a third party beneficiary of the Shared Loss Agreement, but its Declaratory Judgment claim asserts third party beneficiary rights.

*See* Motion to Dismiss at 9-12.

3

Plaintiff responded in opposition to the Motion to Dismiss.  [Doc. #68].  Defendant replied in support of the Motion to Dismiss [Doc. #69].  The Reply clarified Plaintiff's misunderstandings with respect to the relevant contracts and expounded upon Defendant's argument that Plaintiff's declaratory relief claim should be dismissed for failure to state a claim.  Plaintiff sought and obtained leave to file a sur-reply.  [Doc. #71, 72].

The Recommendation agrees with First-Citizens' argument that the Court lacks jurisdiction over both of Plaintiff's claims due to Plaintiff's failure to exhaust administrative remedies under FIRREA.  *See* Recommendation at 7-10.  As such, the Recommendation recommends that the Motion to Dismiss be granted.  *Id.* at 10.  However, the Recommendation does not address Defendant's alternative argument that the declaratory relief claim fails to state a cognizable claim for relief.  *See id., generally.*  Plaintiff filed objections to the Recommendation.  [Doc. # 74].  Defendant also filed objections to the Recommendation only insofar as the Recommendation did not address Defendant's alternative argument that the declaratory relief claim fails to state a cognizable claim for relief.  [Doc. # 75].

## III.    APPLICABLE LAW

Rule 72 governs the District Judge's review of objections to the recommendations of a United Stated Magistrate Judge:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

F.R.C.P. 72(b)(3).

4

## IV.    ARGUMENT

The Recommendation is correct insofar as it determines that the Court lacks jurisdiction over this matter due to Plaintiff's failure to exhaust administrative remedies under FIRREA and recommends that the Motion to Dismiss should therefore be granted.

### A. The Objections incorrectly assert that Count I could not have been presented in FIRREA's administrative process.

Plaintiff repeatedly—and incorrectly—asserts that Count I could not have been presented in connection with FIRREA's administrative process. *See*, *e.g.*, Objections at 1 (stating Count I "was not something that could have been claimed or remedied through FIRREA's administrative process"); *id.* at 2 (stating Count I "could not practicably be asserted through the administrative claims process"); *id.* at 4 n. 1 (stating that Triad "could not, of course, reasonably assert a claim for a breach that had not yet occurred"). These assertions are groundless. Plaintiff actually did assert the same claim against the Failed Bank prior to the appointment of the FDIC as receiver that Plaintiff asserts here against First-Citizens. Defendant has already made this abundantly clear.

For instance, the Motion to Dismiss highlighted that Count I "is based upon the same core allegation as Count I of Plaintiff's original Complaint—that '[o]n February 23, 2011, CCB told Maxwell Place, LLC and Triad that it would not fund [a loan].'" *See* Motion to Dismiss at 7 (*quoting* Plaintiff's original Complaint [Doc. # 1] at ¶ 18). This is precisely the same allegation that forms the basis of Plaintiff's Count I in the operative Second Amended Complaint, as the Motion to Dismiss demonstrated. Motion to Dismiss at 7 (*quoting* [Doc. # 57] at ¶ 17).

There is nothing that prevented Plaintiff from presenting its pending claim in the FIRREA administrative process. Indeed, Plaintiff was obliged to do so for the claim's survival. FIRREA's demand for exhaustion of administrative remedies prior to any court exercising

jurisdiction is unaffected by the pre-receivership existence of an action asserting that claim:

> [A] thorough reading of the applicable provisions in FIRREA fails to produce any language which could be construed to support Mustang's argument that the claim procedures can be dispensed with in cases where suit was filed prior to the appointment of the receiver. We also concur with RTC-receiver's argument that the language in FIRREA, allowing parties with claims to file suit "*or continue* an action commenced before the appointment of the receiver" in the event the claim is disallowed, serves to controvert Mustang's argument. 12 U.S.C. § 1821(d)(6)(A) (emphasis added). <u>The statute clearly requires that each creditor file a claim</u>. 12 U.S.C. § 1821(d)(3)(B)(i). In the event the claim is disallowed, the creditor can then file suit *or continue* to pursue a suit already filed. <u>No interpretation is possible which would excuse this requirement for creditors with suits pending, or allow the filing of suit to substitute for the claim process</u>.

*Resolution Trust Corp. v. Mustang Partners*, 946 F.2d 103, 106 (10th Cir. 1991) (emphasis added). *See also Bruce J. Pierce & Associates, Inc. v. Resolution Trust Corp.*, 987 F.2d 663, 664 (10th Cir. 1993); *In re George Love Farming, LC*, 420 F. App'x 788, 791 (10th Cir. 2011) ("The claims process is mandatory, whether a case is filed after a receiver is appointed or, as here, before the bank failed…. Our only case on point confirms that there is no difference between pre-receivership claims and post-receivership claims with respect to § 1821(d)'s jurisdictional bar.") (*citing Mustang Partners*).

There is simply no basis for Plaintiff's assertions that it could not have presented Count I in the administrative FIRREA process. The factual basis for the claim existed prior to the FDIC's receivership. *See* Reply at 3-5. Indeed, Plaintiff had already sued on the claim prior to the FDIC's receivership. There are no additional facts that developed after the FDIC's takeover that impact the claim in any material way, notwithstanding Plaintiff's conclusory assertions to the contrary.[3] Plaintiff should have presented Count I in the FIRREA administrative process,

---

[3] The characterization of claims against an assuming institution as simply a "failure to reverse the failed bank's…actions rather than challenge the bank's…actions directly" is an impermissible attempt to "eviscerate the [FIRREA administrative] claims process…." *Tri-State Hotels, Inc. v.*

6

and its failure to do so deprives this Court of jurisdiction over that claim.

### B. The Objections incorrectly assert that Count II could not have been presented in FIRREA's administrative process.

As discussed in the Motion to Dismiss, the Reply, and Defendant's own objections, Count II fails to state a claim upon which relief can be granted and should be dismissed.[4] Additionally, however, the Court also lacks jurisdiction over Count II because of Plaintiff's failure to present that claim in FIRREA's administrative process.

Count II centers on Plaintiff's supposed entitlement to a share of alleged "payments"[5] received by Defendant from the FDIC in connection with a Shared Loss Agreement between Defendant and the FDIC. The FDIC acted as receiver for CCB. Second Amended Complaint at ¶ 4. In its capacity as receiver, the FDIC acted by entering into the Shared Loss Agreement with Defendant. *Id.* at ¶ 32. Plaintiff's claim for declaratory relief is based on the FDIC's act of entering into the Shared Loss Agreement. *Id.* at ¶¶ 32, 34, 36-37. As such, Plaintiff's declaratory relief claim is a claim "relating to" an act of "the [FDIC] as receiver[,]" over which "no court shall have jurisdiction" absent Plaintiff's compliance with FIRREA's administrative claims process. 12 U.S.C. § 1821(d)(13)(D)(ii).

Count II is likewise barred by 12 U.S.C. § 1821(d)(13)(D)(i) and Plaintiff's failure to exhaust its administrative remedies. Count II is plainly an "action seeking a determination of rights with respect to…the assets of any depository institution for which the FDIC has been

---

*F.D.I.C.*, 79 F.3d 707, 714 n. 9 (8th Cir. 1996).

[4] *See generally* Docs. # 65, 69, 75.

[5] As discussed in the Motion to Dismiss, Reply, and Defendant's own objections, no "payments" are actually made pursuant to the Shared Loss Agreement. *See also FirsTier Bank, Kimball, Neb. v. F.D.I.C.*, 935 F. Supp. 2d 1109, 1124 n. 22 (D. Colo. 2013) (clarifying that there is no "payment" on an instrument when creditor merely credits debtor's account) and *compare with* contractual language of Shared Loss Agreement described at Motion to Dismiss at 9-11.

7

appointed receiver…." *Id.* Caselaw interpreting this provision reaches this same conclusion:

> [Count II] is not against [First-Citizens] for its own alleged wrongdoing. It is a cause of action against [First-Citizens] solely in its role as successor-in-interest to the FDIC…. [First-Citizens] has stepped into the shoes of the FDIC as purchaser of the loan. Thus, [Triad's] action against [First-Citizens] is an "action seeking a determination of rights with respect to [an] asset[ ] of any depository institution for which the Corporation has been appointed receiver," which this Court cannot hear if [Triad] did not exhaust its administrative remedies.

*Westberg v. F.D.I.C.*, 926 F. Supp. 2d 61, 69 (D.D.C. 2013) *aff'd*, 741 F.3d 1301 (D.C. Cir. 2014); *see also id.* at 67 (declaratory judgment action concerning agreement with failed bank and FDIC's actions related thereto "falls squarely within the type of cases covered by Section 1821(d)(13)(D).").

The Objections simultaneously suggest that Count II was "un-ripened" for administrative determination at the time it was due (Objections at 7) and that it remains unripe now (*id.* at 7 n. 2). In fact, neither is true. Count II was ripe as soon as the Shared Loss Agreement was entered into, although it was similarly meritless at that point as well. That Triad did not present Count II for administrative determination prior to this suit is no surprise, as the FDIC would have seen Count II for what it is: an inappropriate attempt to distort the language and operation of the Shared Loss Agreement to benefit an entity that is neither a party to, nor a third-party beneficiary of, that Agreement. This Court lacks jurisdiction over Count II because Plaintiff failed to present it in the FIRREA administrative claims process, and it should therefore be dismissed.

## V.   CONCLUSION

The Recommendation reaches the correct conclusion regarding the Motion to Dismiss. The Objections do nothing to change the propriety of that conclusion. For the reasons set forth above and in the incorporated pleadings, the Court should accept the Recommendation and grant the Motion to Dismiss.

Respectfully submitted September 12, 2014

        s/ Stuart N. Bennett
        Stuart N. Bennett, Esq.
        Aaron D. Goldhamer, Esq.
        JONES & KELLER, P.C.
        1999 Broadway, Suite 3150
        Denver, Colorado 80202
        303.573.1600
        sbennett@joneskeller.com
        agoldhamer@joneskeller.com
        ***ATTORNEYS FOR FIRST-CITIZENS BANK &***
        ***TRUST COMPANY***

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on Friday, September 12, 2014, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system and served on the following:

Geraldine A. Brimmer
Holland & Hart, LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302

Joseph E. Martineau
Lewis, Rice & Fingersh, L.C.
600 Washington, Suite 2600
St. Louis, Missouri 63101

                                                                  *s/ Tammy Harris*
                                                                  Tammy Harris