IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 11-cv-01220-RM-BNB

TRIAD BANK, A Missouri chartered bank

    Plaintiff,

vs.

FIRST-CITIZENS BANK & TRUST COMPANY,
a North Carolina chartered commercial bank,

    Defendant.

## RESPONSE OF TRIAD BANK TO DEFENDANT'S OBJECTIONS TO RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [DOC. #73]

On August 29, 2014, plaintiff Triad Bank filed its Objections of Triad Bank to Recommendation of United States Magistrate (Doc. 74), challenging the Magistrate Judge's recommendation of dismissal based on Fed.R.Civ.P. 12(b)(1). On September 3, 2014 defendant First Citizens Bank ("FCB") filed Defendant's Objections to Recommendation of United States Magistrate Judge based on his failure to consider FCB's alternative Fed.R.Civ.P. 12(b)(6) motion to dismiss (Doc. #75).

For reasons set forth in Triad's Objections, the Magistrate Judge's recommendations were wrong and should not be accepted. FIRREA's jurisdictional bar is not applicable to damage claims against assuming banks *for their own acts or omissions just because they involve an asset transferred to them* by the FDIC. *See, e,g., American Nat' Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1142 (D.C.Cir. 2011) (citing cases); *SunSouth Bank v. First NBC Bank*, 2014 WL 3767548 at *7 (Claim by participating bank that acquiring bank breached participation

agreement by failing to fulfill terms of the assumed participation agreement not barred by FIRREA).

FCB misconstrues the basis for Triad's claim and objections when it argues that Triad "had already sued on the claim [in Count I for breach of the assumed loan commitment] prior to the FDIC's receivership." (Doc. 76 at 6). Triad's original suit against the failed bank sought only a declaration that it should be paid back on a LIFO, not pro rata basis. (Doc. 1). After FCB had assumed the failed bank's commitment to fund, and continued to refuse funding, Triad sued FCB for *its* breach of the commitment assumed. (Doc. 28, Counts III and IV; Doc. 57, Count I).

FCB similarly misconstrues Triad's argument as to Count II (Doc. 57), which seeks a declaration that it is entitled to share in payments under the Loss Share pursuant to terms of the Participation Agreements entitling it to share in payments "from any source whatever." Triad's claims for re-payment under the Participation Agreements relate to FCB's post-acquisition breaches and not any wrongdoing by the failed bank or FDIC.[1]

Because the Magistrate Judge's Recommendation should be rejected, this Court has the option under Fed.R.Civ.P. 72(b)(3) of determining the matters raised in FCB's objections *de novo* or returning the matter to the Magistrate Judge. FCB's Objections are, in substance, no different than the alternative argument it raised before the Magistrate Judge below. Should this Court, itself, decide to consider FCB's Objections, Triad Bank sees no need to further enlarge this file with new briefs asserting the same arguments. Accordingly, Triad incorporates herein by reference its response (Doc. 68) and sur-reply (Doc. 72) to FCB's original Fed.R.Civ.P. 12(b)(6) motion to dismiss, as and for a response to FCB's Objections.

---

[1] These points are more fully addressed at pages 4 through 9 of Triad's response to the motion to dismiss. (Doc. 68).

2

## CONCLUSION

For the reasons stated herein and in Triad's Objections, and as more fully detailed in the memoranda submitted to the Magistrate Judge (Docs. 68 and 72), Triad's Objections should be sustained and FCB's Objections denied.

Respectfully submitted,

By: s/ Joseph E. Martineau
    Joseph E. Martineau
    LEWIS, RICE & FINGERSH, L.C.
    600 Washington, Suite 2500
    St. Louis, Missouri 63101
    Tel: 314/444-7729; Fax: 314/612-7729
    E-mail: jmartineau@lewisrice.com

    Geraldine A. Brimmer
    HOLLAND & HART, LLP
    One Boulder Plaza
    1800 Broadway, Suite 300
    Boulder, Colorado 80302
    Tel: 303/473-2733; Fax: 303/473-2720
    E-mail: gbrimmer@hollandhart.com

ATTORNEYS FOR PLAINTIFF TRIAD BANK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document was served via the Court's electronic filing system, this 15th day of September, 2014, on:

Stuart N. Bennett
Aaron D. Goldhamer
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone: 303/376-8410
E-mail:    sbennett@joneskeller.com
             agoldhamer@joneskeller.com

By: /s/ Joseph E. Martineau

3