IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 11-cv-01220-RM-BNB

TRIAD BANK, A Missouri chartered bank

    Plaintiff,

vs.

FIRST-CITIZENS BANK & TRUST COMPANY,
a North Carolina chartered commercial bank,

    Defendant.

## MOTION FOR NEW TRIAL OR ALTERNATIVELY TO ALTER OR AMEND JUDGMENT

Plaintiff Triad Bank ("Triad"), pursuant to Fed.R.Civ.P. 59(a) moves for a new trial. Alternatively, pursuant to Fed.R.Civ.P. 59(e), Triad moves to alter or amend the Judgment (Doc. 81) and Order (Doc. 80) entered by this Court on March 31, 2015.  In support of this motion, Triad states:

### Motion for New Trial

1.    In its Judgment and Order, this Court dismissed claims brought by plaintiff Triad Bank under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction due to Triad's failure to pursue those claims administratively before the Federal Deposit Insurance Corporation ("FDIC") under 12 U.S.C. § 1821(d)(13)(D) ("FIRREA")..

2.    Specifically, the Court held:

    a.    Triad could not pursue a claim based upon defendant First Citizen Bank's ("FCB") failure to fund a subordinated loan commitment entered into by its predecessor, Colorado Capital Bank ("CCB"), because that claim had not been administratively raised before the FDIC.  Holding that this claim arose before CCB's failure and receivership,

2077833.1    1

the Court ruled that the claim should have been administratively asserted under FIRREA, and could not be asserted against FCB even though it had assumed such obligations.

b. For similar reasons, the Court also held that Triad could not pursue a claim seeking recovery of a pro rata share of funds obtained by FCB pursuant to a Shared-Loss Agreement between it and the FDIC entered contemporaneously with the Purchase and Assumption Agreement wherein FCB had acquired the underlying subordinated loan to commit.

3. In its holding the Court disregarded the fact that Triad's claims arose out of actions or failures to act of FCB *after* the FDIC receivership and erred by failing to follow controlling Tenth Circuit precedent which has never been overruled, namely *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269 (10th Cir. 1994). The Court purported to distinguish *Homeland Stores* as applicable only when the "plaintiff's claim arises *solely* from conduct that occurs after the FDIC is appointed as receiver" even though nothing in that Opinion is so limiting (Slip Opinion at 13, citing *FirsTier Bank Kimball Nebraska v.* FDIC, 935 F.Supp.2d 1109. 1121 (D. Colo. 2013)).

4. While the breach of subordinated loan commitment arose out of a contract that preceded the FDIC's receivership of CCB, and while CCB had refused to fund the subordinated loan commitment before receivership, a separate and distinct breach occurred *after* FCB's acquisition of CCB and was not something that could have been claimed or remedied through FIRREA's administrative process. The Court erred in failing to recognize that this breach was actionable and that a claim based thereon was not precluded by FIRREA.

5. Similarly, Triad's claim based on the shared-loss recovery was not something that could have been claimed or remedied through FIRREA's administrative process, and as such, the Court erred in finding that Triad's claim was barred thereby.

6. Accordingly, the Court erred in dismissing those claims based on Fed.R.Civ. 12(b)(1).

## Motion to Alter or Amend Judgment

7. After acquiring the assets of CCB, FCB obtained partial satisfaction of the loans underlying the Participation Agreements, and these funds were placed in an escrow account held by FCB.

8. Following the Order and Judgment, Triad requested an accounting of its pro rata portion of monies due under the Participation Agreements.

9. Despite this request, FCB has not paid Triad its pro rata portion; has not provided or offered to provide any accounting to Triad of its pro rata portion; and has failed to provide any assurance that it would pay Triad its pro rata portion of the funds due in accordance with the terms of the Participation Agreement.

10. In its Judgment and Order, the Court did not hold that Triad was barred from repayment of its pro rata participation in the underlying loans under the Participation Agreements which were specifically assumed by FCB, or that Triad's rights to its pro rata share under the Participation Agreements should have been asserted through FIRREA's administrative process; yet, it appears that FCB may be using this Court's holding as grounds for refusing to reimburse Triad any portion of the funds its advanced on the underlying loans.

11. The Court should alter and amend its Order and Judgment to make clear that nothing therein does or is intended to relieve FCB of its assumed contractual obligations under the Participation Agreements

> Respectfully submitted,
>
> By: s/ Joseph E. Martineau
> Joseph E. Martineau
> LEWIS RICE LLC
> 600 Washington, Suite 2500
> St. Louis, Missouri 63101
> Tel: 314/444-7729; Fax: 314/612-7729
> E-mail: jmartineau@lewisrice.com
>
> Geraldine A. Brimmer
> HOLLAND & HART, LLP
> One Boulder Plaza
> 1800 Broadway, Suite 300
> Boulder, Colorado 80302
> Tel: 303/473-2733; Fax: 303/473-2720
> E-mail: gbrimmer@hollandhart.com
>
> ATTORNEYS FOR PLAINTIFF TRIAD BANK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing document was served via the Court's electronic filing system, this 28th day of April, 2015, on:

Stuart N. Bennett
Aaron D. Goldhamer
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone: 303/376-8410
E-mail:   sbennett@joneskeller.com
          agoldhamer@joneskeller.com

> By:   /s/ Joseph E. Martineau

4